# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-17-00593-CV

**Kenneth W. Morrison; and StoneCoat of Texas, LLC, Appellants**

**v.**

**John D. Profanchik Jr., Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT NO. D-1-GN-17-001379, HONORABLE STEPHEN YELENOSKY, JUDGE PRESIDING

## O P I N I O N

This is an interlocutory appeal from the district court's order denying a motion to dismiss under the Texas Citizens Participation Act (TCPA). Tex. Civ. Prac. & Rem. Code § 27.001–.011 (provisions of TCPA); *id.* § 51.014(a)(12) (authorizing interlocutory appeal from order denying TCPA motion to dismiss). John D. Profanchik Jr. sued Kenneth W. Morrison and StoneCoat of Texas, LLC (collectively, "StoneCoat") for defamation in connection with an allegedly fake online review by StoneCoat of its competitor, ProCal Stone Design, LLC. Based on our determination that Profanchik Jr.'s suit against StoneCoat falls under the TCPA's "commercial speech" exemption, *see id.* § 27.010(b), we will affirm the district court's order.

## Background

ProCal and Appellant StoneCoat are Dallas-area competitors in the business of spray-on limestone. Appellant Morrison is a principal of StoneCoat. Appellee Profanchik Jr. is the son of John D. Profanchik Sr., who is a principal of ProCal.

In December 2016, "Don Henley" of Plano, Texas posted the following review on the website ripoffreport.com:

> **Pro Cal Stone John Profanchik They Are Rip Off Artists Beware of This Man and Anyone Associated With Him Including His Son Addison Texas**
>
> Beware of John Profanchik with Pro Cal Stone. He claims to be the inventor of this spray on stone product. After Hiring him to redo the front of my house with spay on stone John Profanchik quickly began to show his true colors. He kept asking for more money and the work they performed was aweful. After some online Investigating I discovered that Stone Coat of Addison Tx was the inventor of this product. I fired John Profanchik with Pro Cal Stone and Thank God for Stone Coat. They did exactly what they said and at a better price plus the work was amazing. Beware of John Profanchik with Pro Cal Stone he lies and will try to take your money.

(Errors in original.) The ripoffreport.com review and other allegedly fake reviews of ProCal prompted Profanchik Sr. and ProCal to sue StoneCoat for defamation, business disparagement, deceptive trade practices, and fraud in Dallas and Collin counties. *See Morrison v. ProCal Stone Design, LLC*, No. 05-17-00696-CV, 2018 WL 4090637, at *1 (Tex. App.—Dallas Aug. 28, 2018, pet. denied) (mem. op.); *Morrison v. Profanchik*, No. 05-17-00680-CV, 2018 WL 4090635, at *1 (Tex. App.—Dallas Aug. 28, 2018, pet. denied) (mem. op.).[1]

---

[1] StoneCoat also sued ProCal, Profanchik Sr., and others in federal court, alleging various claims relating to the spray-on limestone business. *See StoneCoat of Tex., LLC v. ProCal Stone*

The ripoffreport.com review also spawned the underlying defamation case against StoneCoat, which Profanchik Jr. filed in Travis County district court. Profanchik Jr.'s petition alleged that StoneCoat published the ripoffreport.com review; the review is false; the review constitutes libel per se because it tended to injure Profanchik Jr.'s reputation and impeached his honesty, integrity, and reputation; StoneCoat knew the review was false or acted with reckless disregard concerning the review's truth; and Profanchik Jr. was injured by the fake review. *See* Tex. Civ. Prac. & Rem. Code § 73.001 (setting forth elements of claim for libel).

StoneCoat generally denied Profanchik Jr.'s claim and asserted several affirmative defenses. StoneCoat also filed a motion to dismiss Profanchik Jr.'s suit under the TCPA, arguing that Profanchik Jr. filed his defamation claim based on or in response to StoneCoat's exercise of the right of free speech in the ripoffreport.com review. *See id.* § 27.003(a) (authorizing a motion to dismiss an action that "is based on, relates to, or is in response to a party's exercise of the right of free speech"). In response, Profanchik Jr. argued that StoneCoat did not establish that his defamation claim against StoneCoat was based on its exercise of the right of free speech and that, even if it had, the "commercial speech" exemption applies to Profanchik Jr.'s claim. *See id.* §§ 27.005(b) (allowing trial court to dismiss action if movant "shows by a preponderance of the evidence that the legal action is based on, relates to, or is in response to" the movant's exercise of certain rights), .010(b) ("commercial speech" exemption); *Castleman v. Internet Money Ltd.*, 546 S.W.3d 684, 688 (Tex. 2018) (explaining applicability of commercial-speech exemption). Alternatively, Profanchik Jr. argued that he had established a prima facie case of the elements necessary to recover for

*Design, LLC*, No. 4:17-CV-00303, 2018 WL 324446 (E.D. Tex. Jan. 8, 2018).

3

defamation. *See id.* § 27.005(c). After an evidentiary hearing, the district court denied the motion to dismiss without explanation. StoneCoat filed this interlocutory appeal. *See id.* § 51.014(a)(12) (authoring appeal from interlocutory order that denies TCPA motion to dismiss).

## TCPA

The TCPA establishes a multi-step process for the expedited dismissal of legal actions that are "based on, relate[] to, or [are] in response to a party's exercise of the right of free speech, right to petition, or right of association." *Id.* § 27.003(a). First, the party who brings such a motion to dismiss must show "by a preponderance of the evidence that the legal action is based on, relates to, or is in response to" the movant's exercise of the above-enumerated protected rights. *Id.* § 27.005(b). If the movant meets that burden, then under the second step, the burden shifts to the nonmovant to establish "by clear and specific evidence a prima facie case for each essential element of the claim in question." *Id.* § 27.005(c). If the nonmovant fails to satisfy its burden under section 27.005(c) to present a prima facie case, the trial court must dismiss the action within the TCPA's expedited time frame. *See id.* § 27.005(c)–(d); *see also id.* §§ 27.003(b), .004, .005(a), .007(b), .008 (establishing deadlines). If the nonmovant establishes the required prima-facie case, the movant may still obtain dismissal by establishing "by a preponderance of the evidence each essential element of a valid defense to the nonmovant's claim." *Id.* § 27.005(d). In determining whether TCPA motions to dismiss should be granted, courts are to consider the pleadings and supporting and opposing affidavits on which the claim or defense is based. *Id*. § 27.006(a).

Intertwined with and overlying this multi-step dismissal process is the TCPA provision exempting certain actions from the TCPA's application. *See id.* § 27.010 (establishing four exemptions). Specifically at issue here, section 27.010 provides that the TCPA—

> does not apply to a legal action brought against a person primarily engaged in the business of selling or leasing goods or services, if the statement or conduct arises out of the sale or lease of goods, services, or an insurance product, insurance services, or a commercial transaction in which the intended audience is an actual or potential buyer or customer.

*Id.* § 27.010(b) (commonly referred to as the "commercial speech" exemption). This and the other section 27.010 exemptions are "wholly unnecessary unless the TCPA applies" and, as discussed above, "the TCPA only applies when the claim is based on the defendant's exercise of the right of free speech, association, or to petition." *Castleman*, 546 S.W.3d at 688 (citing Tex. Civ. Prac. & Rem. Code §§ 27.001(1)–(4), .003(a)). Thus, when invoked, the trial court must consider an exemption's applicability after and in the context of the movant having met its initial burden under the first step of the dismissal process. *See id.* (construing "commercial speech" exemption). If an action falls under a TCPA exemption, the TCPA does not apply and may not be used to dismiss the action. *See* Tex. Civ. Prac. & Rem. Code § 27.010; *Best v. Harper*, 562 S.W.3d 1, 11 (Tex. 2018) (noting that if TCPA exemption applies, movant cannot invoke TCPA's protections).

## Analysis

In one issue, StoneCoat asserts on appeal that the district court erred in denying its TCPA motion to dismiss because Profanchik Jr. failed to meet his TCPA burden of establishing by clear and specific evidence a prima facie case for each essential element of his defamation

claim—i.e., the second step in the TCPA dismissal process. *See* Tex. Civ. Prac. & Rem. Code § 27.005(c). Before we reach this issue, however, we must first address Profanchik Jr.'s assertions that denial was proper because (1) StoneCoat did not meet its initial burden of showing by a preponderance of the evidence that Profanchik Jr.'s legal action is based on or was in response to StoneCoat's exercise of the right of free speech, *see id.* § 27.005(b) (establishing movant's initial burden); or (2) if StoneCoat met its initial burden, Profanchik Jr.'s legal action is exempted from the TCPA under the "commercial speech" exemption, *see id.* § 27.010(b); *see also Castleman*, 546 S.W.3d at 688 (discussing steps in TCPA analysis).[2]

**StoneCoat's initial burden under the TCPA**

With regard to its initial burden under the TCPA, StoneCoat asserted in its motion to dismiss that, "The statement complained of by [Profanchik Jr.] clearly involve[s] a matter of public concern because among other things the statement concerns 'goods, products or services in

---

[2] Profanchik Jr. also asserts that the denial was proper because StoneCoat failed to file its motion to dismiss within the statutory deadline and then failed to establish "good cause" for the late filing. *See* Tex. Civ. Prac. & Rem. Code § 27.003(b) (establishing 60-day deadline for filing motion, but allowing trial court to extend deadline "on a showing of good cause"). But that is a challenge to the district court's order granting StoneCoat an extension of time to file a TCPA motion to dismiss, not a ground for denying the motion to dismiss. And to the extent Profanchik Jr. is asserting error, we lack jurisdiction over the order granting the extension of time to file because that order is separate from the order denying the motion to dismiss and, relatedly, because there is no statute explicitly providing review of an interlocutory order granting an extension of time to file a TCPA motion to dismiss. *See id.* § 51.014(a)(12) (granting appeal from interlocutory order that denies TCPA motion to dismiss); *Texas A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007) ("Appellate courts have jurisdiction to consider immediate appeals of interlocutory orders only if a statute explicitly provides such jurisdiction."); *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 354 (Tex. 2001) (declining on jurisdictional grounds to consider separate interlocutory orders that did not fall under section 51.014 authorization).

the marketplace[.]'" StoneCoat makes no other references in its motion to whether Profanchik Jr.'s suit against it is a legal action that is based on, relates to, or in response to StoneCoat's exercise of one of the TCPA's protected rights. *See* Tex. Civ. Prac. & Rem. Code § 27.005(b). Nevertheless, because the phrase "matter of public concern" is part of the TCPA's definition of "exercise of the right of free speech" and because StoneCoat is asking for dismissal under the TCPA, we can infer that StoneCoat is asserting that Profanchik Jr.'s defamation claim is subject to dismissal under the TCPA because that claim is based on or in response to StoneCoat's alleged publication of the ripoffreport.com review of Profancik, Sr.'s services. *See id.*

As for whether StoneCoat has "show[n] by a preponderance of the evidence" that the defamation claim is based on the ripoffreport.com review, Profanchik Jr. is correct in pointing out that StoneCoat offered no evidence to support its motion to dismiss, only the conclusory assertion noted above. But in deciding whether a legal action should be dismissed under the TCPA, the trial court must consider the pleadings and affidavits stating the facts on which the liability is based. *See id.* § 27.006(a). And to determine the basis of a legal action for purposes of the first step in the dismissal procedure, it is necessary to consider the plaintiff's petition, which is "the 'best and all-sufficient evidence of the nature of the action.'" *Hersh v. Tatum*, 526 S.W.3d 462, 467 (Tex. 2017) (quoting *Stockyards Nat'l Bank v. Maples*, 95 S.W.2d 1300, 1302 (Tex. 1936)). "The basis of a legal action is not determined by the defendant's admissions or denials, but by the plaintiff's allegations." *Id.* "When it is clear from the plaintiff's pleadings that the action is covered by the Act, the defendant need show no more." *Id.*

7

Here, Profanchik Jr.'s petition makes it clear that his defamation claim is based on or in response to the ripoffreport.com review that he attributes to StoneCoat: "Defendants published and/or have caused to be imminently published false and defamatory statements of fact about Plaintiff, as set forth in the ripoffreport.com fake review." Further, Profanchik's petition asserts that the ripoffreport.com review is a "fake consumer review" that complains about services provided by Profanchik Sr.'s business. Thus, by relying on Profanchik Jr.'s pleadings, StoneCoat showed that Profanchik Jr.'s defamation claim is based on StoneCoat's exercise of free speech—i.e., its alleged posting of the ripoffreport.com review of the services offered by Profanchik Sr.'s business—and thus covered by the Act. *See* Tex. Civ. Prac. & Rem. Code § 27.001(1) (defining "communication" as including "the making or submitting of a statement . . . in any form or medium, including . . . electronic"), (4) (defining "exercise of the right of free speech" as a "communication made in connection with a matter of public concern"), (7)(E) (defining "matter of public concern" as including "an issue related to . . . a good, product, or service in the marketplace"); *Hersh*, 526 S.W.3d at 468. Accordingly, StoneCoat met its initial burden under the TCPA. *See* Tex. Civ. Prac. & Rem. Code § 27.005(b).

**Commercial-speech exemption**

Having determined that StoneCoat met its initial burden under the TCPA, we turn to Profancik, Jr.'s argument that the district court properly denied StoneCoat's motion to dismiss because Profanchik Jr.'s defamation claim falls under the TCPA's "commercial speech" exemption:

> [The TCPA] does not apply to a legal action brought against a person primarily engaged in the business of selling or leasing goods or services, if the statement or

8

conduct arises out of the sale or lease of goods, services, or an insurance product, insurance services, or a commercial transaction in which the intended audience is an actual or potential buyer or customer.

*Id.* § 27.010(b). The Texas Supreme Court has interpreted this exemption to apply when (1) the defendant was primarily engaged in the business of selling or leasing goods or services, (2) the defendant made the statement or engaged in the conduct on which the claim is based in the defendant's capacity as a seller or lessor of those goods or services, (3) the statement or conduct at issue arose out of a commercial transaction involving the kind of goods or services the defendant provides, and (4) the intended audience of the statement or conduct was actual or potential customers of the defendant for the kind of goods or services the defendant provides. *Castleman*, 546 S.W.3d at 688.

On appeal, StoneCoat—the defendant for purposes of the *Castleman* analysis—does not dispute, and the evidence and pleadings establish, that it is primarily engaged in the business of selling or leasing goods or services—i.e., blown limestone.

Regarding the second element, StoneCoat does not dispute that, if it made or was responsible for the ripoffreport.com review, it did so in its capacity as a seller of the blown limestone. Instead, StoneCoat challenges whether Profanchik Jr. established that it was StoneCoat that made (or was responsible for) the ripoffreport.com review. *See id.* (requiring, among other elements, that "the defendant made the statement or engaged in the conduct on which the claim is based in the defendant's capacity as a seller or lessor of those goods or services"). Specifically, StoneCoat argues that there is no evidence in the record to establish that StoneCoat made (or was responsible for) the ripoffreport.com review. But in the context of determining whether this

9

exemption applies, that is not something that Profanchik Jr. had to establish. As noted above, the section 27.010 exemptions cannot be considered unless the TCPA applies, and the TCPA applies only where the claim is based on the *defendant's* exercise of the right of free speech, petition, or association. *See id.* Thus, to even consider whether the "commercial speech" exemption applies, we must first determine that Profanchik Jr.'s legal action is based on, relates to, or is in response to *StoneCoat's* exercise of the right of free speech—i.e., the ripoffreport.com review. *See id.* ("In context, then, the only reasonable construction of the exemption's reference to 'the statement or conduct' is as a reference back to 'the defendant's' statement or conduct 'on which the claim is based.'"). Stated differently, regardless of whether StoneCoat denies making the statement on which Profanchik' Jr.'s claim is based—which StoneCoat is allowed to do, *see Hersh*, 526 S.W.3d at 467 (holding that movant's denial of having made communication does not preclude TCPA motion to dismiss)—we must assume that he did make the statement for purposes of determining whether the statement is exempted from the TCPA's application. *See Castleman*, 546 S.W.3d at 688.

Regarding the third element, StoneCoat argues that the exemption does not apply because the ripoffreport.com review does not involve "commercial speech or words." More specifically, StoneCoat argues that the "commercial speech" exemption applies only to "paid commercial advertising." But nothing in the text of the "commercial speech" exemption, or in the supreme court's analysis of this exemption in *Castleman*, dictates the content of the speech at issue, much less that the speech involve advertising. *See* Tex. Civ. Prac. & Rem. Code § 27.010(b); *Castleman*, 546 S.W.3d at 688–91. Instead, the exemption requires that the "statement or conduct" have been made in the defendant's capacity as a seller or lessor of the goods or services in question

10

and that the "statement or conduct" was intended for an actual or potential buyer or customer of the defendant for the kind of goods or services the defendant provides. *See Castleman*, 546 S.W.3d at 689–90. A defendant's online review of a competitor's sale and installation of the same product sold and installed by the defendant is a statement that meets these requirements.

StoneCoat also emphasizes with regard to this third element that there was no commercial transaction between it and Profanchik Jr. *See* Tex. Civ. Prac. & Rem. Code § 27.010(b) (requiring that "statement or conduct arises out of the sale or lease of goods, services, . . . or a commercial transaction in which the intended audience is an actual or potential buyer or customer"); *Castleman*, 546 S.W.3d at 688 (interpreting exemption to require, among other elements, that "the statement or conduct at issue arose out of a commercial transaction involving the kind of goods or services the defendant provides"). Again, however, nothing in the TCPA or the supreme court's analysis of this exemption requires that there have been a commercial transaction between the plaintiff and defendant. Instead, section 27.010(b) requires only that the statement "arises out of the sale or lease of goods, services, . . . or a commercial transaction," Tex. Civ. Prac. & Rem. Code § 27.010(b), and the supreme court has construed this as limiting the "commercial speech" exemption to "certain communications related to a good, product, or service in the marketplace," *Castleman*, 546 S.W.3d at 690. An online review of a company's sale and installation of blown limestone is plainly a communication "related to a good, product, or service in the marketplace."

Finally, StoneCoat does not dispute that "the intended audience of the statement or conduct were actual or potential customers of the defendant for the kind of goods or services the defendant provides." *See id.* at 688 (fourth element of exemption). Nevertheless, we note that a

11

defendant who posts a fake online review of a competitor is plainly seeking to, among other things, discourage consumers from doing business with the competitor and, as a result, to encourage those same customers to do business with the defendant. In fact, the ripoffreport.com review here paints just such a scenario by suggesting that a former customer of ProCal rejected that company in favor of StoneCoat.

We agree with Profanchik Jr. that the commercial-speech exemption applies to his defamation claim against StoneCoat. Having done so, we need not address StoneCoat's assertion that Profanchik Jr. failed to meet his burden under the TCPA of establishing by clear and specific evidence a prima facie case for each essential element of his claim against StoneCoat. *See Best*, 562 S.W.3d at 11 (noting that if exemption applies, movant cannot invoke TCPA's protections).

We overrule StoneCoat's sole appellate issue.

## Conclusion

Having overruled StoneCoat's issue on appeal, we affirm the district court's order denying StoneCoat's motion to dismiss under the TCPA.

_____

Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Goodwin and Kelly

Affirmed

Filed: May 22, 2019

12