# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-19-00182-CV

---

**Conrad Bejarano, Appellant**

**v.**

**John Dorgan, Appellee**

---

### FROM THE 126TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-18-006382,
### THE HONORABLE MAYA GUERRA GAMBLE, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

This is an appeal from an order denying a motion to dismiss filed under the Texas Citizens Participation Act (TCPA), Tex. Civ. Prac. & Rem. Code § 27.003. We will affirm the district court's order.

## BACKGROUND

As relevant to this appeal, Conrad Bejarano and John Dorgan jointly own a well-established entertainment venue commonly known as Spider House, which is located near the University of Texas at Austin. In 2017, former Spider House employee Jeremy Rogers[1] published a Facebook post accusing Dorgan of engaging in years of unprofessional conduct while managing the venue. The employee alleged that Dorgan was often inebriated or under the

---

[1] Rogers is a defendant below but is not party to this appeal.

influence of illegal substances, was physically and verbally abusive to staff and customers, and was generally incapable of managing the venue effectively. The post asked for the community's help in "dealing with the constant depravity of John Dorgan and his continuous hail storm of abuse."

Shortly thereafter, someone posted a response to the allegations on Spider House's Facebook page. The response, signed by Bejarano on behalf of the venue's ownership and management, assured readers that Spider House "would take appropriate steps to make sure our Spider House Family feels comfortable and secure." This post further indicated that Dorgan was "banned from the premises" and would "now and forever [be] a silent partner" in the enterprise. It continued:

> Spider House as a whole has strived for 26 years to guarantee our establishment is a haven for all. We do not discriminate, or allow hateful situations to occur in our vicinity. We will continue to do so, working to gain and keep the trust and support from our community. The current management staff has an open door, open dialogue policy; that goes for both our staff and our guests. . . .
>
> At this time we would like our supporters, staff, and anyone currently or previously associated with Spider House to feel free to come to us at any time with comments or concerns they may have. Our hope is to have an open dialogue, allowing our community to heal. We hope you will continue coming to Spider House for shows, events, and more.[2]

Bejarano maintains that he did not post or approve this statement, but Dorgan alleges that Bejarano authored the statement himself or "could have effected its retraction or correction."

Dorgan sued Bejarano and others, alleging libel, slander, and business disparagement. Bejarano moved to dismiss under the TCPA, arguing that Dorgan's claims arise from his right to the exercise of free speech. *See id*. The district court denied the motion to

---

[2] Spelling and punctuation reflect those in the Facebook post.

dismiss and Bejarano timely perfected this appeal. *See id.* § 27.008(b) (authorizing accelerated interlocutory appeal).

**DISCUSSION**

Bejarano contends the district court erred by denying the motion to dismiss, raising arguments that: (1) the TCPA applies to Dorgan's claims against him; (2) Dorgan cannot make out a prima facie case for the elements of his claims; and (3) those claims do not fall into any statutory exception. Dorgan responds that even if the statute applies to his claims, he can make out a prima facie case for each element of the claims and that the claims fall into the TCPA's exception for commercial speech. *See id.* § 27.003, .010.

The TCPA allows a party to move for dismissal of any "legal action that is based on, related to, or in response to [that] party's exercise of the right of free speech, right to petition, or right of association." *See id.* Its purpose is to "encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government," while still "protect[ing] the rights of a person to file meritorious lawsuits for demonstrable injury." *See id.* § 27.002. "To effectuate the statute's purpose, the Legislature has provided a two-step procedure to expedite the dismissal of claims brought to intimidate or to silence a defendant's exercise of these First Amendment rights." *ExxonMobil Pipeline Co. v. Coleman*, 512 S.W.3d 895, 898 (Tex. 2017) (per curiam) (citing Tex. Civ. Prac. & Rem. Code § 27.003). "Under the first step, a movant seeking to prevail on a motion to dismiss under the TCPA has the burden to 'show[ ] by a preponderance of the evidence that the [non-movant's] legal action is based on, relates to, or is in response to the [movant's] exercise of (1) the right of free speech; (2) the right to petition; or (3) the right of association.'" *Grant v. Pivot Tech. Sols.,*

3

*Ltd.*, 556 S.W.3d 865, 872 (Tex. App.—Austin 2018, pet. filed) (quoting Tex. Civ. Prac. & Rem. Code § 27.005(b)).  In the second step, once the court "determines that the movant has met his burden to show that the TCPA applies, the burden shifts to the non[-]movant to establish 'by clear and specific evidence a prima facie case for each essential element of the claim in question.'" *Id.* at 872–73 (quoting Tex. Civ. Prac. & Rem. Code § 27.005(c)).  Even where the non-movant can do so, the court must dismiss the legal action "'if the [movant] establishes by a preponderance of the evidence each essential element of a valid defense to the non[-]movant's claim.'" *Id.* (quoting Tex. Civ. Prac. & Rem. Code § 27.005(c)).

We review the disposition of a motion to dismiss under the TCPA under a de novo standard of review.  *Serafine v. Blunt*, 466 S.W.3d, 352, 357 (Tex. App—Austin 2015, no pet.).  "In determining whether a legal action should be dismissed under this chapter, the court shall consider the pleadings and supporting and opposing affidavits stating the facts on which the liability or defense is based." *See* Tex. Civ. Prac. & Rem. Code § 27.010(b).  We take these facts as true when evaluating the motion to dismiss.  *Sloat v. Rathbun*, 513 S.W.3d 500, 504 (Tex. App.—Austin 2015, pet. dism'd).

The parties do not dispute that Dorgan's claims constitute "legal actions" as that phrase is defined by the TCPA.  Tex. Civ. Prac. & Rem. Code § 27.001(6) (defining "legal action" to include any "cause of action").  These legal actions arise from Bejarano's exercise of his right to free speech, which the statute defines as any "communication made in connection with a matter of public concern." *See id.* § 27.001(7).  "Matters of public concern" include issues related to "health or safety," "community well-being," or "goods products or services in the market." *Id*. § 27.001(3).  In this case, the disputed statement responds to allegations of verbal and physical abuse at a popular music venue and accusations of chronic intoxication and

4

illegal substance use that rendered its management "unpredictable," "irrational," and "dangerous." These are matters of health, safety, and community well-being, and they implicate the services offered by the venue. *See, e.g.*, *Warner Bros. Entm't, Inc. v. Jones*, 538 S.W.3d 781, 797 (Tex. App.—Austin 2017, pet. granted) (mental health and individual safety); *Cavin v. Abbott*, 545 S.W.3d 47, 64 (Tex. App.—Austin 2017, no pet.) (mental health and allegations of assault); *Fishman v. C.O.D. Cap. Corp.*, No. 05-16-00581-CV, 2017 WL 3033314, at *6 (Tex. App.—Dallas July 18, 2017, no pet.) (mem. op.) (illegal activity).

Because Bejarano satisfied his burden to show the TCPA applicable to Dorgan's claims, to avoid dismissal Dorgan must make a prima facie case for each element of those claims or must demonstrate that his claims fall into a statutory exception. *See* Tex. Civ. Prac. & Rem. Code § 27.005(c), .010; *Grant*, 556 S.W.3d at 872–73. As the latter question is dispositive of this appeal, we will analyze the applicability of the commercial-speech exception without evaluating Dorgan's prima facie case. *See* Tex. Civ. Prac. & Rem. Code § 27.010(b); Tex. R. App. P. 47.1 (requiring courts of appeals to render opinions "as brief as practicable"). We express no opinion on his ability to prevail on those claims.

The commercial-speech exception to the TCPA provides that the statute "does not apply to a legal action brought against a person primarily engaged in the business of selling or leasing goods or services, if the statement or conduct arises out of the sale or lease of goods, services . . . or a commercial transaction in which the intended audience is an actual or potential buyer or customer." Tex. Civ. Prac. & Rem. Code § 27.010(b). A claim falls into the exception when four conditions are met. *See Castleman v. Internet Money Ltd.*, 546 S.W.3d 684, 688 (Tex. 2018). First, the non-movant must have been "primarily engaged in the business of selling or leasing goods" or services at the time the disputed statement was made. *Id*. Second, that party

5

must have "made the statement or engaged in the conduct on which the claim is based in the defendant's capacity as a seller or lessor of those goods or services." *Id*. Third, this statement must have "[arisen] out of a commercial transaction involving the kind of goods or services the defendant provides." *Id*. Fourth, the "intended audience of the statement or conduct" must have been the "actual or potential customers of the defendant for the kind of goods or services the defendant provides." *Id*.

All four elements of the exception are present here. First, as co-owner of Spider House, Bejarano was primarily engaged in the business of selling goods and services when the disputed statement appeared on Facebook. Dorgan's petition for relief describes Spider House as a popular venue for public entertainment and private events. Bejarano characterizes Spider House as "a coffee shop, bar, and events space that offers food, beverages, and a venue for events." Under either party's characterization of the business, Spider House and its owners are primarily engaged in selling goods or services.

Second, to the extent Bejarano made the disputed statements, he did so in his capacity as a purveyor of those goods and services. Although Bejarano denies he made or approved the Facebook post at issue, this Court "must assume that he did make the statement for purposes of determining whether the statement is exempted from the TCPA's application." *Morrison v. Profanchik*, 578 S.W.3d 676, 683 (Tex. App.—Austin, no pet. h.). The post appeared on Spider House's official Facebook page and was signed by "Owner Conrad Bejarano and Current Management." The author of the post uses the first-person narrative voice to refer to the venue, its management, and its staff, insisting that "we are taking the appropriate steps to make sure our Spider House Family feels comfortable and secure," and promising readers a "haven for all." In other words, the statement was made "for the purpose of securing sales in the

6

goods or services of the person making the statement." *Backes v. Misko*, 486 S.W.3d 7, 21 (Tex. App.—Dallas 2015, pet. denied).

With respect to the third element, Bejarano contends that the online statement arose from Dorgan's alleged misconduct and not from any commercial transaction involving the kind of goods or services offered by Spider House. We disagree. As this Court recently explained, "A 'commercial transaction' need not be consummated and can include conduct or statements that merely 'propose[ ] a commercial transaction.'" *See Rose v. Scientific Mach. & Welding, Inc.*, No. 03-18-00721-CV, 2019 WL 2588512, at *6 (Tex. App.—Austin June 25, 2019, no pet.) (mem. op.) (quoting *Castleman*, 546 S.W.3d at 690, and citing *Toth v. Sears Home Improvement Prods., Inc.*, 557 S.W.3d 142, 154 (Tex. App.—Houston [14th Dist.] 2018, no pet.)). Here, the disputed post encouraged the "Spider House Family" to continue coming to the venue "for shows, events, and more." Thus, Spider House "pursued business for itself and stood to profit from it." *See Staff Care, Inc. v. Eskridge Enters., LLC*, No. 05-18-00732-CV, 2019 WL 2121116, at *8 (Tex. App.—Dallas May 15, 2019, no pet.) (mem. op.) (citing *Castleman*, 546 S.W.3d at 690–91). As a co-owner of Spider House, Bejarano also stood to profit from that business.

And finally, the intended audience included both actual and potential Spider House customers. The Facebook post was expressly addressed to Spider House "staff," its "guests," and "anyone currently or previously associated with" the venue. Taking Dorgan's allegations as true, as we must, *see Sloat*, 513 S.W.3d at 504, we conclude his claims against Bejarano fall within the TCPA's exception for commercial speech. The district court therefore did not err in denying Bejarano's motion to dismiss, and we overrule his sole issue on appeal.

7

## CONCLUSION

Because the district court did not err in denying the motion to dismiss pursuant to Texas Civil Practice and Remedies Code Section § 27.005, we affirm its order.

_____

Edward Smith, Justice

Before Chief Justice Rose, Justices Kelly and Smith

Affirmed

Filed:   September 18, 2019