

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00525-CV

Joe **GREINER** and Greiner & Associates, PLLC,
Appellants

v.

Calvin **WOMACK**,
Appellee

From the 225th Judicial District Court, Bexar County, Texas
Trial Court No. 2019-CI-07288
Honorable Cynthia Marie Chapa, Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:    Sandee Bryan Marion, Chief Justice
Luz Elena D. Chapa, Justice
Beth Watkins, Justice

Delivered and Filed: October 23, 2019

AFFIRMED

Joe Greiner and Greiner & Associates, PLLC appeal an order denying their motion to dismiss under the Texas Citizens Participation Act (TCPA). We affirm the trial court's order.

### BACKGROUND

This appeal arises from a business dispute. Calvin Womack sued several defendants alleging a breach of contract and fraud. Womack's trial counsel issued a subpoena for deposition on written questions to appellants, who are defendants' former attorneys. Appellants are not defendants in the underlying suit. Appellants filed a motion to dismiss the subpoena under the

TCPA and an alternative motion to quash the subpoena. The trial court denied the TCPA motion after a hearing, and appellants timely appealed.

## DISCUSSION

Appellants argue the trial court erred by denying their TCPA motion. The TCPA provides, "If a legal action is based on, relates to, or is in response to a party's exercise of the right of free speech, right to petition, or right of association, that party may file a motion to dismiss the legal action." TEX. CIV. PRAC. & REM. CODE § 27.003. Under the TCPA, "'Legal action' means a lawsuit, cause of action, petition, complaint, cross-claim, or counterclaim or any other judicial pleading or filing that requests legal or equitable relief." *Id.* § 27.001(6). A trial court may grant a TCPA motion only "if the moving party shows by a preponderance of the evidence that the legal action is based on, relates to, or is in response to the party's exercise of" certain rights. *Id.* § 27.005(b).

We hold the subpoena is not a legal action. Appellants note the subpoena was a "filing" in the trial court. But not all filings are legal actions. *See id.* § 27.001(6). A "filing" is a "legal action" only if it "requests legal or equitable relief." *Id.* The subpoena did not request legal or equitable relief or purport to assert a "claim in question" upon which Womack would be required to present a prima facie case in response to the motion. *See Dow Jones & Co., Inc. v. Highland Capital Mgmt., L.P.*, 564 S.W.3d 852, 856–57 (Tex. App.—Dallas 2018, pet. denied) (holding a subpoena is not a "filing" that seeks legal or equitable relief). We cannot say the trial court erred by denying appellants' TCPA motion.

**CONCLUSION**

The trial court's order denying appellants' TCPA motion is affirmed.[1]

Luz Elena D. Chapa, Justice

---

[1] Appellants alternatively request that we address the trial court's failure to rule on their motion to quash. Because our jurisdiction in this appeal is limited to the denial of the TCPA motion, we do not address this alternative request or arguments related to the motion to quash. *See Morrison v. Profanchik*, 578 S.W.3d 676, 681 n.2 (Tex. App.—Austin 2019, no pet. h.).