

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00232-CV

_____

RYAN EUGENE RAY, Appellant

V.

VERONICA FIKES, Appellee

On Appeal from County Court at Law No. 2
Tarrant County, Texas
Trial Court No. 2019-001057-2

Before Gabriel, Birdwell, and Womack, JJ.
Memorandum Opinion by Justice Gabriel

## MEMORANDUM OPINION

Appellant Ryan Eugene Ray asks us to apply the Texas Citizens Participation Act (the TCPA) to appellee Veronica Fikes's legal-malpractice suit against him. Because we conclude that the TCPA does not apply to Fikes's claims as pleaded, we decline Ray's invitation and affirm the trial court's order denying Ray's motion to dismiss under the TCPA.

## I. BACKGROUND

On August 1, 2015, Fikes was injured in a car collision after Sutton Dean Fambro hit her from behind while she was stopped at a stop light. Approximately four months later, Fikes signed a contract with Ray, retaining him to represent her in a suit against Fambro. On August 3, 2017, Ray filed suit on Fikes's behalf, raising a negligence claim against Fambro.[1]

On October 11, 2017, Ray received notice from the State Bar of Texas's Office of the Chief Disciplinary Counsel that Fikes had filed a grievance against him based on the fact that Ray had never filed suit before the two-year limitations period expired, that the grievance alleged professional misconduct, and that the grievance would be classified as a complaint. *See* Tex. Gov't Code Ann. § 81.073(a)(1); Tex. Rules Disciplinary P. R. 2.10(B), *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. G, app. B. On February 28, 2018, Ray's counsel was notified that a Summary

---

[1]Ray also named two of Fambro's apparent family members as defendants.

Disposition Panel had dismissed Fikes's grievance. *See* Tex. Rules Disciplinary P. R. 1.06(II), 2.13.

On February 7, 2019, Fikes filed a legal-malpractice suit against Ray, raising claims for negligence, breach of fiduciary duty, fraud, breach of the retainer contract, and gross negligence.[2] Each claim was based on Ray's failures to file suit and to serve Fambro within the limitations period. Fikes also alleged a negligent-misrepresentation claim based on Ray's "advertising and stating that he and his firm [were] competent and experienced in handling personal injury matters." Ray answered by filing a general denial in which he specifically pleaded the affirmative defense of collateral estoppel.

Ray also filed a motion to dismiss Fikes's legal-malpractice "lawsuit in all respects" under the TCPA, arguing that the TCPA applied because Fikes's suit related to the exercise of Ray's right to petition. Ray asserted that Fikes failed to establish a prima facie case for each element of her claims relating to Ray's alleged legal malpractice and that even if she had, Ray had established the affirmative defense of

---

[2]Ray argues that Fikes alleged only a "fractured negligence claim" and that her other alleged claims were "not truly separated"; thus, he contends that Fikes is "estopped" from alleging any claim other than "fractured negligence." Although Fikes alleged most of her claims under the heading "**NEGLIGENCE OF DEFENDANT RYAN EUGENE RAY**," she pleaded her claims other than negligence and gross negligence as "addition[al]" claims. *See generally* Tex. R. Civ. P. 48 (allowing parties to allege claims in the alternative "either in one count . . . or in separate counts"). Ray did not specially except to the form or substance of Fikes's petition. *See* Tex. R. Civ. P. 90–91.

collateral estoppel based on the full and fair litigation of Fikes's claims during the grievance process. Fikes responded and argued that the TCPA did not apply to her legal-malpractice claims because they were based on Ray's failure to file, which is not a protected communication under the TCPA. She also raised the commercial-speech exemption to the TCPA's application. Ray objected to an affidavit Fikes submitted with her response in which the affiant—J. Patrick Gallagher, Fikes's legal-malpractice attorney—opined that Ray breached his duty to Fikes by his failure to timely file the personal-injury suit and explained the attorney's fees incurred by his representation of Fikes in the legal-malpractice case.

On May 24, 2019, the trial court held a hearing on Ray's motion and objections. The trial court sustained some of Ray's objections to Gallagher's affidavit but denied the motion to dismiss in a separate order on June 12, 2019. Ray appeals and argues in three issues that the trial court erred (1) by denying his motion because Fikes failed to establish a prima facie case, (2) by failing to sustain all of his objections to Gallagher's affidavit, and (3) by failing to grant the motion based on his affirmative defense of collateral estoppel. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(12). Our interlocutory, appellate jurisdiction allows review of only the trial court's order denying Ray's TCPA motion to dismiss, not the trial court's separate order sustaining and overruling Ray's evidentiary objections to Gallagher's affidavit. *See Morrison v. Profanchik*, 578 S.W.3d 676, 681 n.2 (Tex. App.—Austin 2019, pet. dism'd by agr.).

4

## II. TCPA CONSIDERATIONS

The TCPA has two purposes: protecting specifically defined constitutional rights to the full extent of the law while, "at the same time," protecting the right to file meritorious lawsuits. Tex. Civ. Prac. & Rem. Code Ann. § 27.002; *see In re Lipsky*, 460 S.W.3d 579, 589 (Tex. 2015) (orig. proceeding); *Smith v. Crestview NuV, LLC*, 565 S.W.3d 793, 797 (Tex. App.—Fort Worth 2018, pet. denied). Even though we must construe the TCPA liberally, our construction must "effectuate" these purposes. Tex. Civ. Prac. & Rem. Code Ann. § 27.011(b).

A defendant seeking the protection of the TCPA must initially produce a preponderance of the evidence that the legal action is based on, relates to, or is in response to the exercise of the rights to free speech, to petition, or of association. *See* Act of May 21, 2011, 82nd Leg., R.S., ch. 341, § 2, 2011 Tex. Sess. Law Serv. 960, 962 (amended 2019) (current version at Tex. Civ. Prac. & Rem. Code Ann. § 27.005(b)).[3] If the movant does so, the burden shifts to the nonmovant to produce clear and specific evidence of a prima facie case for each element of each asserted claim. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.005(c). If the nonmovant meets her burden, the movant may still be entitled to dismissal if he shows by a preponderance of the

---

[3]Several portions of the TCPA were amended in 2019. Our initial citations to a section of the TCPA that was amended and effective after the date Fikes filed her legal-malpractice suit will include the session-law information for the enacted version in effect at that time. Subsequent citations will simply cite to the current section number with the parenthetical "(amended 2019)," but we will rely on the specific language in effect at the time of Fikes's petition.

evidence each element of a valid defense to the claims. *See* Act of May 22, 2013, 83rd Leg., R.S., ch. 1042, § 2, 2013 Tex. Sess. Law Serv. 2501, 2501 (amended 2019) (current version at Tex. Civ. Prac. & Rem. Code Ann. § 27.005(d)).

We review the trial court's interpretation of this statutory framework de novo, focusing on the enacted language of the applicable provisions. *See S&S Emergency Training Sols., Inc. v. Elliott*, 564 S.W.3d 843, 847 (Tex. 2018); *Youngkin v. Hines*, 546 S.W.3d 675, 680 (Tex. 2018). In our review, the pleadings, especially the plaintiff's allegations, are the best evidence to determine the nature of a legal action and the applicability of the TCPA. *Hersh v. Tatum*, 526 S.W.3d 462, 467 (Tex. 2017); *see also* Act of May 21, 2011, 82nd Leg., R.S., ch. 341, § 2, 2011 Tex. Sess. Law Serv. 960, 962 (amended 2019) (current version at Tex. Civ. Prac. & Rem. Code Ann. § 27.006(a)).

## III. FIKES'S CLAIMS AND THE APPLICABILTY OF THE TCPA

Our first inquiry is whether Ray established by a preponderance of the evidence that the TCPA applies to Fikes's claims as pleaded. We will parse her claims into two categories: (1) claims based on a failure to act and (2) negligent misrepresentation.

### A. CLAIMS BASED ON A FAILURE TO ACT

As pleaded, Fikes's claims for negligence, breach of fiduciary duty, fraud, breach of contract, and gross negligence were based on Ray's failures to timely file and serve a personal injury lawsuit on Fikes's behalf before limitations expired and on his failure to advise Fikes that he did not file timely. Ray argues that the TCPA

applies to bar Fikes's legal-malpractice suit because his alleged failures to timely act occurred in or were pertaining to a judicial proceeding—the personal-injury suit. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.001(4)(A)(i).

But to be subject to the TCPA, a claim must not only be based on or relate to the exercise of the right to petition but must also allege a communication. *See id.* § 27.001(4)(A); Act of May 21, 2011, 82nd Leg., R.S., ch. 341, § 2, 2011 Tex. Sess. Law Serv. 960, 962 (amended 2019) (current version at Tex. Civ. Prac. & Rem. Code Ann. § 27.003(a)); *Perlman v. EKLS Firestopping & Constr., LLC*, No. 05-18-00971-CV, 2019 WL 2710752, at *3 (Tex. App.—Dallas June 28, 2019, no pet.) (mem. op.); *Smith*, 565 S.W.3d at 797–98. A communication is statutorily defined as "the **making or submitting** of a statement or document in any form or medium, including oral, visual, written, audiovisual, or electronic." Tex. Civ. Prac. & Rem. Code Ann. § 27.001(1) (emphasis added). This definition does not include a failure to communicate, which is the basis of Fikes's failure-to-act claims. *See Krasnicki v. Tactical Entm't, LLC*, 583 S.W.3d 279, 283–84 (Tex. App.—Dallas 2019, pet. denied); *cf. Mustafa v. Pennington*, No. 03-18-00081-CV, 2019 WL 1782993, at *3 (Tex. App.—Austin Apr. 24, 2019, no pet.) (mem. op.) (holding plaintiff's breach-of-contract suit against amicus attorney in custody dispute alleged a communication because claim revolved around plaintiff's critiques of information attorney conveyed in court filings and arguments); *Smith*, 565 S.W.3d at 798–99 (holding aider-liability claims based solely on conduct did not allege a communication as defined by TCPA).

Here, Fikes alleges that Ray wholly failed to act before limitations expired, leading to the loss of her right to pursue a personal-injury claim. *See Galbraith Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d 863, 866 (Tex. 2009) ("[S]tatutes of limitations operate procedurally to bar the enforcement of a right . . . ."); *Gale v. Lucio*, 445 S.W.3d 849, 858 (Tex. App.—Houston [1st Dist.] 2014, pet. denied) (recognizing claims brought outside limitations period are "extinguished"). Even though Ray eventually filed a petition on Fikes's behalf, Fikes's claims do not attack any statements made in the time-barred petition. She only attacks the absence of a petition on or before August 1, 2017—before her right to pursue personal-injury claims was extinguished. We conclude that Fikes's claims based on Ray's failure to timely file a petition, resulting in the loss of her right to seek redress for her personal injuries, did not implicate a communication, as that term is defined in the TCPA, that was based on, related to, or was in response to the exercise of the right to petition. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.001(4), § 27.003(a) (amended 2019), § 27.005(b) (amended 2019). Accordingly, Ray did not meet his burden to show by a preponderance of the evidence that Fikes alleged a communication governed by the TCPA. *See id.* § 27.005(b) (amended 2019).

Both Ray and Fikes cite *Youngkin* in support of their TCPA-applicability arguments. But that case involved whether an attorney's reading a settlement agreement into the record implicated the right to petition protected by the TCPA. 546 S.W.3d at 680–81; *see also Brown Sims, P.C. v. L.W. Matteson, Inc.*, No. 04-18-00596-

CV, 2019 WL 4739439, at *3 (Tex. App.—San Antonio Sept. 30, 2019, no pet.) (holding TCPA applied to bar client's legal-malpractice claim that substance of attorney's timely filings was defective). Whether a communication was alleged was not at issue in *Youngkin*. We do not address in this case whether Fikes's failure-to-act claims were based on, related to, or in response to the right to petition as defined in the TCPA.

In any event, we resolve the issue of the TCPA's applicability based on the statutory definition of a communication. Fikes's failure-to-act claims did not allege a communication. They arose from Ray's alleged complete failure to act. Thus, the trial court did not err by denying Ray's motion to dismiss these claims.

## B. NEGLIGENT-MISREPRESENTATION CLAIM

Fikes's negligent-misrepresentation claim was based on Ray's alleged advertisements and statements that he was "competent and experienced in handling personal injury matters." This claim clearly alleged a communication under the TCPA. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.001(1). But the TCPA is inapplicable because the alleged communications fell within the commercial-speech exemption.

Under this exemption, which Fikes raised and bore the burden to prove by a preponderance of the evidence, the TCPA does not apply to "a legal action brought against a person primarily engaged in the business of selling . . . services, if the statement or conduct arises out of the sale . . . of . . . services . . . or a commercial

9

transaction in which the intended audience is an actual or potential buyer or customer." Act of May 21, 2011, 82nd Leg., R.S., ch. 341, § 2, 2011 Tex. Sess. Law Serv. 960, 962 (amended 2019) (current version at Tex. Civ. Prac. & Rem. Code Ann. § 27.010(a)(2)); *see Forget About It, Inc. v. BioTE Med., LLC*, 585 S.W.3d 59, 68 (Tex. App.—Dallas 2019, pet. filed). Statements or conduct related to a service in the marketplace are exempt from the TCPA's application if the statement or conduct did no more than propose a commercial transaction. *See Castleman v. Internet Money Ltd.*, 546 S.W.3d 684, 690 (Tex. 2018) (per curiam). In other words, if a defendant, by statement or conduct, proposes a commercial transaction regarding the services he provides in the marketplace, the statement or conduct is not made as a protected exercise of the right to petition; thus, the commercial-speech exemption applies to cause any claim based on the alleged statement or conduct to fall outside the protections of the TCPA. *See id.* at 690 & n.4; *Lesley-McNiel v. CP Restoration Inc.*, 584 S.W.3d 579, 583–84 (Tex. App.—Houston [1st Dist.] 2019, no pet.).

Fikes's negligent-misrepresentation claim was against Ray—a person primarily engaged in the business of selling legal services—and Ray's advertisements and statements of competence in personal-injury matters proposed a commercial transaction in which the intended audience was potential and actual customer-clients. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.010(a)(2) (amended 2019); *Castleman*, 546 S.W.3d at 689–90; *Miller Weisbrod, L.L.P. v. Llamas-Soforo*, 511 S.W.3d 181, 188–91 (Tex. App.—El Paso 2014, no pet.). Accordingly, Fikes's claims arising from Ray's

commercial assertions that he could and would provide competent and experienced personal-injury representation to his potential and actual clients, including Fikes, are exempted from the TCPA's application. *See NCDR, L.L.C. v. Mauze & Bagby, P.L.L.C.*, 745 F.3d 742, 753–55 (5th Cir. 2014); *Miller Weisbrod*, 511 S.W.3d at 188–91; *see also, e.g.*, *Bejarano v. Dorgan*, No. 03-19-00182-CV, 2019 WL 4458798, at *2–3 (Tex. App.—Austin Sept. 18, 2019, no pet.) (mem. op.); *Lesley-McNiel*, 584 S.W.3d at 583–84; *Forget About It*, 585 S.W.3d at 69–70; *Woodhull Ventures 2015, L.P. v. Megatel Homes III, LLC*, No. 03-18-00504-CV, 2019 WL 3310509, at *3 (Tex. App.—Austin July 24, 2019, no pet.) (mem. op.). *See generally Castleman*, 546 S.W.3d at 689–91 (concluding commercial-speech exemption applies "only to *certain* communications," i.e., those that propose a commercial transaction to a defendant's actual or potential customers, including the plaintiff).

Fikes met her burden to show the applicability of the commercial-speech exemption by a preponderance of the evidence. Thus, the TCPA does not apply to Fikes's negligent-misrepresentation claim.

## IV. CONCLUSION

The TCPA does not apply to Fikes's claims either because the claim did not arise from a communication as defined by the TCPA or because the claim fell within the commercial-speech exemption. Accordingly, the trial court did not err by denying Ray's motion to dismiss Fikes's claims under the TCPA. We need not address Ray's issues directed to Fikes's prima facie case or to Ray's affirmative defense of collateral

estoppel.  *See* Tex. R. App. P. 47.1.  We may not address Ray's arguments directed to the trial court's separate order regarding Ray's affidavit objections. *Morrison*, 578 S.W.3d at 681 n.2.  Thus, we affirm the trial court's order denying Ray's motion to dismiss.  *See* Tex. R. App. P. 43.2(a).

/s/ Lee Gabriel

Lee Gabriel
Justice

Delivered:  December 5, 2019