

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-20-00378-CV

_____

CAROLYN SASANO, PHD., Appellant

V.

KIRSI NIEMELA-WALLER, PHD., Appellee

On Appeal from County Court at Law No. 1
Tarrant County, Texas
Trial Court No. 2020-004610-1

Before Sudderth, C.J.; Wallach and Walker, JJ.
Memorandum Opinion by Justice Walker

## MEMORANDUM OPINION

Appellant Carolyn Sasano asks us to reverse the trial court's order denying her motion to dismiss appellee Kirsi Niemela-Waller's defamation suit under the Texas Citizens Participation Act (the TCPA). Sasano primarily argues that Waller's suit should have been dismissed because the TCPA applies and because Waller failed to produce clear and specific evidence of a prima facie defamation case. We conclude that the TCPA does not apply to Waller's suit because it is not based on or related to Sasano's exercise of the right to free speech. Accordingly, we affirm the trial court's denial. *See* Tex. R. App. P. 43.2(a).

## I. BACKGROUND

### A. FACTS LEADING TO DEFAMATION SUIT

Sasano and Waller are both licensed psychologists. In 2013, Waller filed a complaint with the Texas State Board of Examiners of Psychologists regarding "observed deficiencies in [Sasano's] psychological evaluations and unethical conduct." It was unclear whether the complaint was against Sasano or Sasano's "supervisee." In any event, the Board sanctioned Sasano.

Six years later in early December 2019, Waller discovered that Sasano had been posting negative reviews of Waller on patient-rating sites such as RateMDs, Vitals, and Google. Some of the Google reviews were expressly attributed to Sasano; the remainder of the reviews were anonymous but used similar language and ratings as in Sasano's reviews. Waller suspected that the anonymous negative reviews were "in

2

retaliation for the Board Complaint." Waller contacted the sites, stating that she believed Sasano was falsely posing as a patient in order to post negative reviews. Vitals removed seventeen violative reviews, and RateMDs removed four. Google removed an unspecified number of reviews but left one that reflected a "one-star rating" for Waller, which Waller averred was "fake." The removals were based on unspecified violations of the sites' terms of use. Waller's rating on Vitals went from "poor to excellent" after the removals.

On December 28, 2019, Waller directly contacted Sasano and asked that she remove any reviews that she had posted while "impersonating being a client." Sasano contacted two "reputation repair services," which determined that the only negative review authored by Sasano that remained posted was the single one-star review on Google. Sasano called Waller and left two voice messages informing her that Sasano's one-star Google review, which Sasano had written under her own name, was the only remaining objectionable review and admitting that she had posted patient reviews. Sasano asserted that Waller never responded.

Two months later on February 27, 2020, Waller sent Sasano a formal notice to correct, clarify, or retract her statements. *See* Tex. Civ. Prac. & Rem. Code Ann. § 73.055. After Waller believed Sasano failed to do so, she filed a defamation suit against Sasano on August 4, 2020, alleging libel per se and libel per quod. Waller's allegations were limited to the anonymous "fake patient reviews" and did not complain of the Google reviews that Sasano had posted under her own name. She

3

alleged that Sasano "repeatedly posed as one of [Waller's] patients when she was not and maliciously authored numerous fake and negative reviews with intent to adversely impact [Waller's] online rating and to harm her financially."

## B. MOTION TO DISMISS

Sasano moved to dismiss Waller's claims under the TCPA, arguing that Waller's suit was impermissibly based on or related to Sasano's exercise of the First Amendment right to free speech. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.003(a). She further asserted that Waller had failed to establish a prima facie case for each element of her defamation claim.

Waller responded that Sasano's actions did not implicate her First Amendment rights, rendering the TCPA inapplicable. To support her prima facie case of defamation, Waller relied on her affidavit averments and on the content of Sasano's voice messages. In her affidavit, Waller included "true and correct transcriptions" of these messages:

> **January 15, 2020 at 5:36 pm**
> 'This is Carolyn Sasano. I got your letter and I will remove all of the reviews from the sites. I appreciate the letter and I apologize. Thank you.'

> **January 16, 2020 at 9:35 am**
> 'Hi Kirsi. It is Carolyn Sasano. I contacted a professional service so I can expedite the reviews. They found four. That's what I had thought I had done was four. Nothing associated with my name but I am going to assume responsibility for those four. But if there is another one that comes to your attention with my name, just let me know. They are going to expedite it, they give it 30 days. If you have questions, just call me back . . . . Hoping for the best as well.'

4

Waller also relied on "true and correct" copies of the four anonymous RateMDs reviews, which Waller alleged Sasano had posted, that rated Waller as low as "1.0" and seemed to comment on the quality of her healthcare services:

- "[U]nprofessional";

- "Misinformed. Hysterical. Un professional [sic]. Insidious. Blame oriented";

- "She gave me the wrong informer nation [sic] which affected my ability to trust professionals"; and

- "Confusing advice about my situation. Seemed irritated."

Sasano filed a motion to strike Waller's affidavit the morning of the trial court's hearing on the motion to dismiss. She contended that the affidavit impermissibly relied on "unsubstantiated opinions, hearsay, speculation, and conclusory statement[s]." After a nonevidentary hearing, the trial court denied Sasano's motion to dismiss. *See id.* § 27.005. The record does not reflect that the trial court considered or ruled on the motion to strike. Indeed, Sasano admits in her brief that it was "not heard by the trial court."

In her interlocutory appeal from the denial, Sasano argues that the trial court erred by denying her dismissal motion and by failing to strike Waller's affidavit. *See id.* § 51.014(a)(12).

5

## II. MOTION TO STRIKE

Sasano asserts that the trial court erred by implicitly denying her motion to strike Waller's affidavit because it was not based on her personal knowledge, contained inadmissible hearsay, and was conclusory. Our jurisdiction over this interlocutory appeal is specifically limited to a review of the trial court's order denying Sasano's TCPA motion to dismiss. *See id.* We may not review the trial court's action or inaction on Sasano's evidentiary objections. *See Ray v. Fikes*, No. 02-19-00232-CV, 2019 WL 6606170, at *2 (Tex. App.—Fort Worth Dec. 5, 2019, pet. denied) (mem. op.); *see also Round Table Physicians Grp., PLLC v. Kilgore*, 607 S.W.3d 878, 888 (Tex. App.—Houston [14th Dist.] 2020, pet. denied). Accordingly, we decline to address this issue.

## III. THE TCPA

### A. LEGAL FRAMEWORK

The TCPA has two purposes: protecting specifically defined constitutional rights to the full extent of the law while, "at the same time," protecting the right to file meritorious lawsuits for demonstrable injury. Tex. Civ. Prac. & Rem. Code Ann. § 27.002; *see In re Lipsky*, 460 S.W.3d 579, 589 (Tex. 2015) (orig. proceeding); *Smith v. Crestview NuV, LLC*, 565 S.W.3d 793, 797 (Tex. App.—Fort Worth 2018, pet. denied). Even though we must construe the TCPA liberally, our construction must "effectuate" these purposes. Tex. Civ. Prac. & Rem. Code Ann. § 27.011(b).

A defendant seeking the protection of the TCPA must initially demonstrate that the legal action is based on or is in response to the defendant's exercise of the right to free speech, to petition, or of association.[1]  *See id.* § 27.005(b).  If the movant does so, the burden shifts to the nonmovant to produce clear and specific evidence of a prima facie case for each element of each asserted claim.  *See id.* § 27.005(c).  If the nonmovant meets her burden, the movant may still be entitled to dismissal if she establishes an affirmative defense or other ground on which she is entitled to judgment as a matter of law.[2]  *See id.* § 27.005(d).

We review the trial court's interpretation of this statutory framework de novo, focusing on the enacted language of the applicable provisions.  *See S & S Emergency Training Sols., Inc. v. Elliott*, 564 S.W.3d 843, 847 (Tex. 2018); *Youngkin v. Hines*, 546 S.W.3d 675, 680 (Tex. 2018).  In our de novo review, we must consider the pleadings, any evidence that a court could consider on summary judgment, and any submitted affidavits stating the facts on which liability or a defense is based; however, Waller's pleadings are "the best and all-sufficient" evidence of the nature of her claims

---

[1]Previously, the TCPA provided that the movant's initial burden was by a preponderance of the evidence; however, this evidentiary requirement was removed in 2019 and does not apply here.  Act of May 21, 2011, 82nd Leg., R.S., ch. 341, § 2, sec. 27.005(b), 2011 Tex. Sess. Law Serv. 960, 962 (amended 2019).

[2]Again, the Legislature removed the preponderance standard from this step of the TCPA test; thus, it does not apply in this case.  *See* Act of May 24, 2013, 83rd Leg., R.S., ch. 1042, § 2, sec. 27.005(d), 2013 Tex. Sess. Law Serv. 2501, 2501 (amended 2019).

against Sasano. *Hersh v. Tatum*, 526 S.W.3d 462, 467 (Tex. 2017) (quoting *Stockyards Nat'l Bank v. Maples*, 95 S.W.2d 1300, 1302 (Tex. [Comm'n Op.] 1936)); *see* Tex. Civ. Prac. & Rem. Code Ann. § 27.006(a).

## B. APPLICATION OF FRAMEWORK

We first determine whether Sasano demonstrated that Waller's libel claims as pleaded are subject to the TCPA. *See Smith*, 565 S.W.3d at 797. Again, the TCPA applies to a legal action that is based on or is in response to the party's exercise of the right of free speech.[3] *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.005(b)(1)(A). The exercise of free speech is defined as "a communication made in connection with a matter of public concern." *Id.* § 27.001(3). A matter of public concern, in turn, is defined as a statement or activity regarding (1) "a public official, public figure, or other person who has drawn substantial public attention due to the person's official acts, fame, notoriety, or celebrity"; (2) "a matter of political, social, or other interest to the community"; or (3) "a subject of concern to the public." *Id.* § 27.001(7). To determine whether a statement or activity is a matter of public concern, we look to its "content, form, and context . . . as revealed by the whole record." *Connick v. Myers*,

---

[3]Although Sasano mentioned in her motion to dismiss that the TCPA also applies to protect the rights to petition and to associate, she raised no cogent argument in the trial court specifically directed to those First Amendment rights and solely argues on appeal her right to free speech. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.005(b)(1)(B)–(C). We will likewise limit our review to Sasano's free-speech rights.

461 U.S. 138, 147–48, 103 S. Ct. 1684, 1690 (1983); *see also Brady v. Klentzman*, 515 S.W.3d 878, 884 (Tex. 2017).

In her motion to dismiss, Sasano relied on Waller's petition allegations and argued that the challenged online reviews were communications related to a matter of public concern, triggering the TCPA protections. Waller had alleged that Sasano posted "at least 23 fraudulent patient reviews" while posing as actual, anonymous patients. According to Waller, Sasano had posted the negative reviews to misleadingly inform Waller's prospective patients of the nature of Waller's practice.

At first blush, the content of Sasano's fake patient ratings seems to involve a matter of public concern—reviewing Waller's healthcare services. *See, e.g.*, *Lippincott v. Whisenhunt*, 462 S.W.3d 507, 509–10 (Tex. 2015); *Morrison v. Profanchik*, 578 S.W.3d 676, 681–82 (Tex. App.—Austin 2019, no pet.). But Sasano posed as a patient of Waller's when she posted the negative reviews. Indeed, Sasano had to affirmatively (and falsely) verify that she was an actual patient of Waller's before posting on the rating sites about Waller's healthcare services. Sasano has never asserted that she was ever an actual patient of Waller's. Thus, Sasano was not reviewing Waller's healthcare services. She was airing her personal dispute with Waller under the pretext of a patient review. By viewing the posts through this prism and as revealed by the whole record, Sasano's negative reviews were not made in connection with a matter of public concern. *See Connick*, 461 U.S. at 148 & n.8, 103 S. Ct. at 1690–91 & n.8; *Creative Oil & Gas, LLC v. Lona Hills Ranch, LLC*, 591 S.W.3d 127, 135–37 (Tex.

9

2019); *Brown v. Univ. of Tex. Health Ctr. at Tyler*, 957 S.W.2d 911, 917–18 (Tex. App.—Tyler 1997, no pet.); *see also Teachers Fed. Credit Union v. Esquivel*, 621 S.W.3d 786, 799 (Tex. App.—El Paso 2021, no pet.); *accord Hesse v. Bd. of Educ. of Twp. High Sch. Dist. No. 211, Cook Cnty., Ill.*, 848 F.2d 748, 752 (7th Cir. 1988); *Curtis v. Davidson*, No. 78157, 2020 WL 3604040, at *1 (Nev. July 1, 2020). Thus, Waller's suit is not based on or in response to Sasano's exercise of the right to free speech, and the TCPA does not apply. We overrule Sasano's issues directed to the applicability of the TCPA. We need not address Sasano's remaining issues or the second and third steps of the TCPA analysis. *See* Tex. R. App. P. 47.1.

## IV. CONCLUSION

Sasano failed to demonstrate the applicability of the TCPA to Waller's suit against her, which was not based on or in response to Sasano's exercise of the right to free speech. Accordingly, the trial court did not err by denying Sasano's motion to dismiss under the TCPA, and we affirm the denial.

/s/ Brian Walker

Brian Walker
Justice

Delivered: August 19, 2021

10