# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-20-00057-CV

**Appellants, Clear Diamond, Inc. and Kyle Wartenbee //
Cross-Appellants, Rebeca Zapata, individually and as representative of the
Estate of Flavio Zapata; Estela Zapata; and Sergio Zapata Montoya**

**v.**

**Appellee, Rebecca Zapata, Individually and as Representative of the
Estate of Flavio Zapata // Cross-Appellees, Clear Diamond, Inc. and Kyle Wartenbee**

### FROM THE 452ND DISTRICT COURT OF MCCULLOCH COUNTY
### NO. 2019013, THE HONORABLE ROBERT R. HOFMANN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Clear Diamond, Inc. and Kyle Wartenbee (collectively, the Plaintiffs) appeal from the trial court's order denying their Texas Citizens Participation Act (TCPA) motion, which sought dismissal of a motion for sanctions filed by Rebecca Zapata. *See* Tex. Civ. Prac. & Rem. Code §§ 27.001-011. Rebecca Zapata, Estela Zapata, and Sergio Zapata Montoya (collectively, the Zapatas) cross-appeal from the trial court's order denying their motions to transfer venue.[1] Because we conclude that Rebecca met her burden under the TCPA to establish a prima facie case and that the Plaintiffs met their burden to establish that venue is proper in the county in which they filed suit, we affirm the trial court's orders.

---

[1] Because several of the parties share the same last name of Zapata, for clarity we will refer to them by their first names when referring to any of them individually.

## BACKGROUND

The dispute underlying this interlocutory appeal and cross-appeal arises from a collision that occurred in Crockett County between two tractor-trailers, one operated by Flavio Zapata and the other operated by Wartenbee. When the collision occurred, Wartenbee's tractor-trailer was carrying a tanker filled with liquified natural gas, and the two tractor-trailers ignited upon impact. Flavio died as a result of the collision.

The Plaintiffs filed suit against the Zapatas in McCulloch County, asserting claims for general negligence and for negligent entrustment, hiring, training, and supervision. The Plaintiffs allege that the tractor-trailer operated by Flavio was owned by his widow, Rebecca, along with other family members, Estela and Sergio, and that the collision occurred because Flavio disregarded a stop sign located at an intersection as Wartenbee entered the intersection. According to the Plaintiffs' allegations, Wartenbee sustained personal injuries, and the tractor-trailer operated by Wartenbee and its cargo, owned by Clear Diamond, were destroyed.

In addition, the Plaintiffs named Lonesome Dove Logistics, LLC as a defendant in their suit. The Plaintiffs allege that Clear Diamond contracted with Lonesome Dove to dispatch a driver to transport the tanker, that Lonesome Dove dispatched Wartenbee to conduct the transport, and that Lonesome Dove was negligent in dispatching Wartenbee in dangerous weather conditions. The Plaintiffs allege that venue is proper in McCulloch County because McCulloch County is the county of the principal office of Lonesome Dove and because their claims against the Zapatas "aris[e] out of the same transaction, occurrence, or series of transactions." *See id.* §§ 15.002(a), .005.

In response to the suit, Rebecca filed a motion to transfer venue, asserting that McCulloch County is not a county of proper venue and requesting that the trial court transfer the

2

suit to Webb County, where her late husband's estate is being administered. *See id.* § 15.031. Specifically, Rebecca argues in her motion to transfer venue that the Plaintiffs cannot rely on Lonesome Dove's principal office to establish venue in McCulloch County because "Clear Diamond, Inc. and Lonesome Dove Logistics, LLC are one entity for the purpose of venue" and a "plaintiff cannot sue in the county of its own residence." Ten days later, Estela Zapata and Sergio Zapata Montoya filed their own motion to transfer venue, similarly asserting that venue is improper in McCulloch County because Clear Diamond and Lonesome Dove "are essentially one entity for purposes of the wreck."[2] The Plaintiffs and Lonesome Dove filed responses to the motions to transfer venue, disputing the Zapatas' assertion that Clear Diamond and Lonesome Dove are, in effect, one plaintiff.

After limited discovery, Rebecca filed a motion for sanctions against the Plaintiffs, contending that Clear Diamond sued Lonesome Dove for the sole purpose of "manufactur[ing] venue in McCulloch County" and that "the sole basis of [Clear Diamond's] venue facts against Lonesome Dove is the false claim that Chris Green (Clear Diamond's own foreman) was acting as an agent for Lonesome Dove" when he dispatched Wartenbee. Rebecca requests that the trial court "strike the offending and frivolous claims against Lonesome Dove, and transfer this case to Webb County, Texas." In response, the Plaintiffs filed a motion to dismiss the motion for sanctions, pursuant to the TCPA.

On January 14, 2020, following a hearing, the trial court signed orders denying the Plaintiffs' TCPA motion to dismiss and denying the Zapatas' motions to transfer venue. The

---

[2] In the alternative, the Zapatas requested a transfer of venue due to "inconvenience and in the interest of justice," under Section 15.002(b). *See* Tex. Civ. Prac. & Rem. Code § 15.002(b). On appeal, the Zapatas do not contend that the trial court erred in denying their motions to transfer venue on that ground. *See id.* § 15.002(c) (decision to grant or deny transfer under Section 15.002(b) is not grounds for appeal).

3

Plaintiffs filed a notice of appeal from the trial court's denial of their TCPA motion to dismiss. *See id* § 51.014(a)(12) (allowing for interlocutory appeal from order denying TCPA motion to dismiss). The Zapatas filed a notice of cross-appeal from the trial court's denial of their motions to transfer venue. *See id.* § 15.003(a).

## DISCUSSION

### I. Appeal of the trial court's denial of the Plaintiffs' TCPA motion to dismiss

In four issues, the Plaintiffs assert that the trial court erred in denying their TCPA motion to dismiss.[3] Because it informs our analysis of the issues, we begin by summarizing the relevant statutory provisions.

### *TCPA Legal Framework*

The Legislature enacted the TCPA to "encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." *In re Panchakarla*, 602 S.W.3d 536, 538 (Tex. 2020) (orig. proceeding) (per curiam) (quoting Tex. Civ. Prac. & Rem. Code § 27.002). To achieve this balance, the TCPA allows for the "expedited consideration of any suit that appears to stifle the defendant's communication on a matter of public concern." *Id.* (quoting *In re Lipsky*, 460 S.W.3d 579, 584 (Tex. 2015) (orig. proceeding)). This expedited consideration

---

[3] The Legislature most recently amended the TCPA in 2019, and the amended version of the statute applies to actions filed on or after September 1, 2019.[3] *See* Act of May 17, 2019, 86th Leg., R.S., ch. 378, 2019 Tex. Gen. Laws 684 (codified at Tex. Civ. Prac. & Rem. Code §§ 27.001, .003, .005-.007, .0075, .009-.010). Because the lawsuit underlying this appeal was filed before September 1, 2019, the amendments do not apply, and all citations to the TCPA in this opinion are to the former version of the statute. *See Creative Oil & Gas, LLC v. Lona Hills Ranch, LLC*, 591 S.W.3d 127, 129 (Tex. 2019).

4

is accomplished through a motion-to-dismiss procedure, which is initiated when a party files "a motion to dismiss the legal action." *See* Tex. Civ. Prac. & Rem. Code § 27.003.

A ruling on a TCPA motion to dismiss involves a "three-step decisional process." *Creative Oil & Gas, LLC v. Lona Hills Ranch, LLC*, 591 S.W.3d 127, 132 (Tex. 2019). Under the first step, the party moving for dismissal must show by a preponderance of the evidence that the TCPA applies to the "legal action" that is the subject of the motion to dismiss. *See* Tex. Civ. Prac. & Rem. Code §§ 27.003(a), .005(b); *see In re Lipsky*, 460 S.W.3d at 586-87 (stating that movant must show by preponderance of evidence that nonmovant's claim is based on, relates to, or in response to movant's exercise of right of free speech, right to petition, right of association). If the movant satisfies that burden, then under the second step, the burden shifts to the nonmovant to establish "by clear and specific evidence a prima facie case for each essential element of the claim in question." Tex. Civ. Prac. & Rem. Code § 27.005(c). Alternatively, the nonmovant can avoid its burden of demonstrating a prima facie case entirely by showing that one of the TCPA's exemptions applies. *See id.* § 27.010(a)(3); *Morrison v. Profanchik*, 578 S.W.3d 676, 680 (Tex. App.—Austin 2019, no pet.) (explaining that "[i]f an action falls under a TCPA exemption, the TCPA does not apply and may not be used to dismiss the action"). Finally, if the TCPA applies and the nonmovant party satisfies its burden of presenting a prima facie case, the burden shifts back to the movant to establish by a preponderance of the evidence each essential element of a valid defense to the nonmovant's claim. Tex. Civ. Prac. & Rem. Code § 27.005(d).

In determining whether a legal action should be dismissed under the TCPA, the court must consider "the pleadings and supporting and opposing affidavits stating the facts on which the liability or defense is based." *Id.* § 27.006(a). We review a trial court's ruling on a

5

motion to dismiss, including whether each party has carried its respective burden, by applying a de novo standard of review. *Grant v. Pivot Tech. Sols., Ltd.*, 556 S.W.3d 865, 887 (Tex. App.—Austin 2018, pet. denied).

Here, although the trial court did not specify the reason for its decision to deny the Plaintiffs' TCPA motion to dismiss, in this appeal, the Plaintiffs have challenged all potential grounds raised below. That is, the Plaintiffs argue that the trial court erred in denying their TCPA motion to dismiss because they met their burden to demonstrate that the TCPA applies to Rebecca's motion for sanctions and because Rebecca failed to meet her burden to establish a prima facie case for sanctions or, alternatively, that one of the TCPA's exemptions applies.

### Prima Facie Case

Although the parties dispute whether the TCPA applies to Rebecca's motion for sanctions, including whether the motion falls under the TCPA's bodily-injury exemption, we will assume without deciding that the TCPA applies and consider whether Rebecca failed to carry her burden of "establish[ing] by clear and specific evidence a prima facie case for each essential element of her claim."

A prima facie case "refers to evidence sufficient as a matter of law to establish a given fact if it is not rebutted or contradicted." *In re Lipsky*, 460 S.W.3d at 590. "It is the 'minimum quantum of evidence necessary to support a rational inference that the allegation of fact is true.'" *Id.* (quoting *In re E.I. DuPont de Nemours & Co.*, 136 S.W.3d 218, 223 (Tex. 2004) (orig. proceeding) (per curiam)). Although the trial court may consider pleadings as evidence under the TCPA, *see* Tex. Civ. Prac. & Rem. Code § 27.006(a), *Serafine v. Blunt*, 466 S.W.3d 352, 357 (Tex. App.—Austin 2015, no pet.), and the nonmovant may satisfy its

6

prima facie burden using circumstantial evidence, the Act does require more than "mere notice pleading," *In re Lipsky*, 460 S.W.3d at 590-91. Consequently, "clear and specific evidence" means that "the plaintiff must provide enough detail to show the factual basis for its claim." *Bedford v. Spassoff*, 520 S.W.3d 901, 904 (Tex. 2017). In determining whether the nonmovant has met this burden, the court views the evidence in the light most favorable to the nonmovant. *Warner Bros. Entm't, Inc. v. Jones*, 538 S.W.3d 781, 801 (Tex. App.—Austin 2017), *aff'd*, 611 S.W.3d 1 (Tex. 2020).

Rebecca moved for sanctions against the Plaintiffs for filing groundless or frivolous pleadings under Chapter 10 of the Civil Practice and Remedies Code and Rule 13 of the Rules of Civil Procedure. To prevail on her motion for sanctions, Rebecca must show that (1) the Plaintiffs' pleading was brought for an improper purpose; (2) there were no grounds for the legal arguments advanced; or (3) the allegations and factual contentions lack any evidentiary support. *See* Tex. Civ. Prac. & Rem. Code § 10.001; Tex. R. Civ. P. 13. To make this determination, the trial court must objectively ask whether the Plaintiffs and their counsel made a reasonable inquiry into the legal and factual basis of the claim at the time the suit was filed. *See Lake Travis Indep. Sch. Dist. v. Lovelace*, 243 S.W.3d 244, 254 (Tex. App.—Austin 2007, no pet.).

In her motion for sanctions, Rebecca alleges that the Plaintiffs falsely claimed that Chris Green was acting as an agent for Lonesome Dove when he dispatched Wartenbee during dangerous conditions and that this allegation was made for the improper purpose of "manufacturing" venue in McCulloch County, a county where venue otherwise would not exist in this case. In addition, Rebecca alleges that Lonesome Dove's sole owner and employee, Kelly Green, has no knowledge of the dispatch or the accident and that Chris Green was acting on behalf of Clear Diamond and not Lonesome Dove when he dispatched Wartenbee.

7

In support of her response to the Plaintiffs' TCPA motion, Rebecca attached excerpts from Kelly Green's deposition and Wartenbee's deposition. In her deposition, Kelly Green testified that Chris Green is her husband but that she is Lonesome Dove's sole owner and only employee. Kelly Green also stated that she is "primarily responsible for operating Lonesome Dove" and that "if Lonesome Dove had any activity in relation to [Wartenbee's] load, [she] would be the one who would have known about it." In his deposition testimony, Wartenbee stated that he was operating under the authority and license of MK Gas, which he understood to be the same company as Clear Diamond, when he transported the liquified gas; that Chris Green was also transporting under the authority of MK Gas; and that Chris Green gave Wartenbee the dispatch instructions that led to the collision with Flavio. Finally, Rebecca attached documents showing that Chris Green works as "the natural gas liquids foreman" for MK Gas, and that, according to Secretary of State filings, Clear Diamond operates under the assumed name "MK Transport."

We conclude that Rebecca's factual allegations and evidence, if uncontradicted, are sufficient to support sanctions against Lonesome Dove.[4] More specifically, we conclude that the factual allegations and the evidence, viewed in the light most favorable to Rebecca, suggest

---

[4] The Plaintiffs contest the allegations made by Rebecca in her motion for sanctions. In their appellants' brief, the Plaintiffs outline evidence presented to the trial court that, in their view, supports their claim that Chris Green was acting as an agent for Lonesome Dove when he dispatched Wartenbee. However, this evidence does not conclusively negate Rebecca's claim that the suit against Lonesome Dove is groundless, and we are not tasked with deciding who should ultimately prevail on the motion for sanctions. *See Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007) (imposition of sanctions reviewed for abuse of discretion). Instead, we must view the evidence in the light most favorable to Rebecca to determine whether she established a prima facie case to prevent her motion for sanctions from being dismissed. *See Dyke v. Hall*, No. 03-18-00457-CV, 2019 Tex. App. LEXIS 9136, at *16 n.4 (Tex. App.—Austin Oct. 17, 2019, no pet.) (mem. op.). Applying that standard, we conclude that Rebecca met that burden.

that Chris Green was acting as an agent for Clear Diamond and not Lonesome Dove when he dispatched Wartenbee and that a reasonable investigation by Clear Diamond would have revealed this fact.[5]  In addition, we conclude that the allegations and the evidence are sufficient to support a rational inference that the Plaintiffs made these allegations against Lonesome Dove for the improper purpose of establishing venue in McCulloch County.  *See In re Lipsky*, 460 S.W.3d at 590.

Assuming without deciding that the Plaintiffs met their burden to establish that the TCPA applies to Rebecca's motion for sanctions and that Rebecca failed to show that an exemption applies, we conclude that Rebecca met her burden of establishing a prima facie case for sanctions.  Consequently, we overrule the Plaintiffs' third issue on appeal.  Because we can uphold the trial court's denial of the Plaintiffs' TCPA motion to dismiss on this ground alone, we need not decide the Plaintiffs' remaining issues, including their contentions that the TCPA applies to the motion for sanctions because it constitutes a "legal action" filed in response to their exercise of the right to petition and that Rebecca failed to establish a TCPA exemption.  *See* Tex. R. App. P. 47.1.

---

[5]  Rebecca also moved for sanctions on the ground that Clear Diamond asserted a claim for indemnity against Lonesome Dove and that, as a matter of law, there is no indemnity agreement between Lonesome Dove and Clear Diamond.  When Rebecca filed her motion for sanctions, however, the Plaintiffs had already filed an amended petition that removed the indemnity claim from their suit, and they did not rely on that abandoned indemnity claim in arguing that venue is proper in McCulloch County.  Nevertheless, Rebecca argues that the indemnity claim was frivolous and thus still sanctionable, despite the fact that Clear Diamond is no longer pursuing the claim.  Because we conclude that Rebecca has met her TCPA burden without considering this ground, we need not decide this issue.

9

**II.     Cross-appeal of the trial court's denial of the Zapatas' motions to transfer venue**

On cross-appeal, the Zapatas assert that the trial court erred in denying their motions to transfer venue. As a preliminary matter, we consider the Plaintiffs' assertion that we lack appellate jurisdiction to review the merits of the trial court's venue determination.

*Appellate Jurisdiction*

The Plaintiffs argue that we lack jurisdiction over this cross-appeal for two reasons. Specifically, the Plaintiffs argue that we lack appellate jurisdiction because the trial court's order denying the Zapatas' motions to transfer venue is not an appealable order and because the Zapatas' notice of appeal was untimely.

Interlocutory orders generally are not appealable. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) ("[T]he general rule . . . is that an appeal may only be taken from a final judgment."). Consequently, as a general rule, a party may only appeal a ruling on a motion to transfer venue once a final judgment is signed. Tex. Civ. Prac. & Rem. Code § 15.064(a). However, Section 15.003 of the Civil Practice and Remedies Code provides a limited right to an interlocutory appeal from certain venue rulings. Tex. Civ. Prac. & Rem. Code § 15.003.

Under Section 15.003, "each plaintiff must, independently of every other plaintiff, establish proper venue." *Id.* § 15.003(a). If a plaintiff cannot independently establish venue, that plaintiff's portion must be transferred . . . , unless the plaintiff can demonstrate that he satisfies the four criteria set out in subsection (a), not at issue in this case.[6] *Id.* If the trial court

---

[6] Specifically, the plaintiff must establish that (1) joinder of that plaintiff or intervention in the suit by that plaintiff is proper under the Texas Rules of Civil Procedure, (2) maintaining venue as to that plaintiff in the county of suit does not unfairly prejudice another party to the suit, (3) there is an essential need to have that plaintiff's claim tried in the county in which the suit is pending, and (4) the county in which the suit is pending is a fair and convenient venue for

determines that a plaintiff did or did not independently establish proper venue or, alternatively, that the plaintiff did or did not establish the four criteria, "[a]n interlocutory appeal may be taken." *Id.* § 15.003(b). In a suit with multiple plaintiffs, a trial court's ruling that venue is proper in a particular county for all plaintiffs "is necessarily a determination that every plaintiff 'independently establish[ed] proper venue' within the meaning of section 15.003(b)(1)." *Union Pac. R.R. v. Stouffer*, 420 S.W.3d 233, 237 (Tex. App.—Dallas 2013, pet. dism'd) (citing Tex. Civ. Prac. & Rem. Code § 15.003(a)); *see Jackson v. Jackson*, No. 02-15-00102-CV, 2016 Tex. App. LEXIS 10444, at *9 (Tex. App.—Fort Worth Sept. 22, 2016, pet. denied) (mem. op.) ("In a multiple-plaintiff case, every order on a motion to transfer venue will necessarily determine whether each plaintiff did or did not independently establish proper venue."); *Shamoun & Norman, LLP v. Yarto Int'l Grp., LP*, 398 S.W.3d 272, 287 n.18 (Tex. App.—Corpus Christi 2012, pet. dism'd) (concluding that "interlocutory appeals are available for venue determinations in any case involving multiple plaintiffs"); *see also Siemens Corp. v. Bartek*, No. 03-04-00613-CV, 2006 Tex. App. LEXIS 3533, at *11 (Tex. App.—Austin Apr. 28, 2006, no pet.) (mem. op.) (reviewing interlocutory venue order in multiple-plaintiff case, citing Section 15.003 but without analyzing appellate jurisdiction). Because the suit underlying this cross-appeal involves multiple plaintiffs, we conclude that we have jurisdiction under Section 15.003(b) to consider a timely filed appeal from the trial court's venue determination.

Next, we consider the Plaintiffs' alternative argument that we lack jurisdiction over the cross-appeal because the Zapatas' notice of cross-appeal was untimely. *See* Tex. R. App. P. 26.1(b) (stating that in accelerated appeal, notice of appeal must be filed within twenty

---

that plaintiff and all persons against whom the suit is brought. Tex. Civ. Prac. & Rem. Code § 15.003(a).

days after date that appealable judgment or order is signed); *id.* R. 28.1 (providing that appeals from interlocutory orders are accelerated); *see Whisenhunt v. Lippincott*, 474 S.W.3d 30, 46-47 (Tex. App.—Texarkana 2015, no pet.) (dismissing cross-appeal after concluding that notice of interlocutory cross-appeal of order was untimely as calculated from date order was signed); *see also In re K.A.F.*, 160 S.W.3d 923, 925 (Tex. 2005) ("[T]he language of rule 26.1(b) is clear and contains no exceptions to the twenty-day deadline."). The Plaintiffs point out that on September 19, 2019, the trial court signed an order (1) denying Rebecca's motion to transfer venue to the extent the motion requested a transfer under the general venue provision, and (2) "carr[ying] forward for hearing . . . Defendant's Motion to Transfer Venue Paragraph IV relating to Texas Civil Practice and Remedies Code Section 15.002(b)." The Plaintiffs reason that because the issues raised by the Zapatas in their cross-appeal concern only whether the trial court's venue determination was proper under the general venue provision, Section 15.002(a), the deadline for the Zapatas to file their notice of cross-appeal was twenty days from the day the September 2019 order was signed, which was October 9, 2019, and that their notice was not filed until January 2020.

We disagree with the Plaintiffs' contention that the trial court's September 2019 order was immediately appealable. In its September 2019 order, the trial court specifically refrained from disposing of one of the two grounds for transferring venue raised by Rebecca in her motion to transfer. Because the trial court could have later decided to grant Rebecca's motion to transfer on that undisposed ground, we cannot, as a practical matter, conclude that she should have immediately appealed the September 2019 partial ruling. Moreover, the September 2019 order does not dispose of any part of the motion to transfer venue filed by Estela Zapata and Sergio Zapata, who are also cross-appellants and raise the same issues on appeal. On

12

January 14, 2020, the trial court signed an order denying, in full, both the motions to transfer venue. The Zapatas filed their notice of cross-appeal within twenty days of that date, making their cross-appeal timely. We conclude that we have jurisdiction to consider the merits of the Zapatas' cross-appeal.

### Merits of the Venue Challenge

In general, a plaintiff is allowed to choose venue first, and that venue choice will not be disturbed as long as the suit is initially filed in a county of proper venue. *Union Pac. R.R.*, 420 S.W.3d at 239; *Siemens*, 2006 Tex. App. LEXIS 3533, at *12-13*; see In re Masonite*, 997 S.W.2d 194, 197 (Tex. 1999) (orig. proceeding) ("The plaintiff has the first choice to fix venue in a proper county; this the plaintiff does by filing the suit in the county of his choice."). The defendant, however, may challenge that venue choice, and a court must "transfer an action to another county of proper venue if . . . the county in which the action is pending is not a proper county." *In re Team Rocket, L.P.*, 256 S.W.3d 257, 260 (Tex. 2008) (orig. proceeding) (quoting Tex. Civ. Prac. & Rem. Code § 15.063(1)); *see* Tex. R. Civ. P. 86 (motion to transfer venue).

All venue facts properly pleaded by the plaintiff shall be taken as true unless specifically denied by the defendant. Tex. R. Civ. P. 87(3)(a). If a defendant specifically denies the pleaded venue facts, the plaintiff must present prima facie proof of its venue facts. *Id.* The court must decide the challenge based on the pleadings and affidavits submitted by the parties. *Id.* A plaintiff satisfies its burden of presenting prima facie proof when the venue facts are properly pleaded and an affidavit, and any duly proved attachments to the affidavit, are filed fully and specifically setting forth the facts supporting such a pleading. *Id*. If the plaintiff fails to meet its burden, the trial court must transfer venue to the county specified in the defendant's

13

motion if the defendant has presented prima facie evidence that the county requested is a proper venue. *Pellegrini v. Six Pines Expl., LLC*, No. 03-18-00774-CV, 2019 Tex. App. LEXIS 10133, at *6 (Tex. App.—Austin Nov. 22, 2019, no pet.) (mem. op.) (citing *In re Masonite*, 997 S.W.2d at 197).

In an interlocutory appeal from a trial court's ruling on venue, we "determine whether the trial court's order is proper based on an independent determination from the record and not under either an abuse of discretion or substantial evidence standard." *Id.* (citing Tex. Civ. Prac. & Rem. Code § 15.003(c)(1)). If the record contains any probative evidence supporting venue in the county of suit, a transfer is improper even if the preponderance of the evidence is to the contrary. *Id.*

In this case, the Plaintiffs assert that venue is proper in McCulloch County based on the general venue provisions found in Section 15.002. Subsection(a) of Section 15.002 states, in relevant part:

> (a)     Except as otherwise provided by this subchapter or Subchapter B or C, all lawsuits shall be brought:
>
> > (1)     in the county in which all or a substantial part of the events or omissions giving rise to the claim occurred; [or]
> >
> > (2)     in the county of the defendant's principal office in this state, if the defendant is not a natural person.

Tex. Civ. Prac. & Rem. Code § 15.002(a).

As previously discussed, the Plaintiffs pleaded that venue is proper in McCulloch County because (1) under Section 15.002(a), McCulloch County is the county of the principal office of Lonesome Dove, *see id*., and (2) under Section 15.005, venue is also proper in McCulloch County as to the Zapatas because their claims against those defendants "aris[e] out of

14

the same transaction, occurrence, or series of transactions," *see id.* § 15.005 ("In a suit in which the plaintiff has established proper venue against a defendant, the court also has venue of all defendants in all claims or actions arising out of the same transaction, occurrence, or series of transactions or occurrences."). In addition, the Plaintiffs and Lonesome Dove each filed a response to the motions to transfer venue, denying the Zapatas' allegations that Clear Diamond and Lonesome Dove are the same entity. In support of their response, the Plaintiffs attached an affidavit by Heath McBride, President of Clear Diamond, in which he states that "Clear Diamond and Lonesome Dove are not and have never been one entity; and neither [McBride] nor Clear Diamond has ever owned any financial interest in Lonesome Dove." Similarly, Lonesome Dove attached an affidavit from its owner and employee, Kelly Green, stating that Lonesome Dove is a limited liability company, in the business of "handling the logistics for different truck companies," with its principal place of business in McCulloch County.

On appeal, the Zapatas assert that the trial court erred in denying their motions to transfer venue because the Plaintiffs failed to provide probative evidence to support their venue choice. Specifically, the Zapatas argue that (1) "[the Plaintiffs] failed to support their venue choice with probative evidence of [Lonesome Dove's] negligence," and (2) "[t]he Zapatas provided conclusive evidence negating the probative evidence, if any, provided by the Plaintiffs to support their venue choice." According to the Zapatas, "the only disputed questions relevant to whether Lonesome Dove's place of business in McCulloch County provides a valid basis for venue is whether Chris Green (Kelly Green's husband) dispatched Wartenbee on Lonesome Dove's behalf such that Lonesome Dove could be liable for his actions; and, if so, whether he did so in a negligent manner."

15

The Zapatas' venue argument is, in effect, that the Plaintiffs cannot establish venue because they have not and cannot present evidence of a viable negligence claim against Lonesome Dove. The rules of procedure prescribe the scope of the trial court's consideration when ruling on a motion to transfer venue. *In re Reynolds*, 369 S.W.3d 638, 648 (Tex. App.—Tyler 2012, no pet.); *see* Tex. R. Civ. P. 86, 87. One significant limitation provided by those rules is that the trial court may not inquire into the merits of a cause of action. *In re Reynolds*, 369 S.W.3d at 648. Rule 87, in relevant part, states:

> [N]o party *shall ever be required* for venue purposes to support prima facie proof the existence of a cause of action or part thereof, and at the hearing the pleadings of the parties shall be taken as conclusive on this issue of existence of a cause of action.

Tex. R. Civ. P. 87(3)(a) (emphasis added). Contrary to the Zapatas' assertion, the Plaintiffs were not obligated to support their venue choice with prima facie proof as to the merits of their underlying negligence claims against Lonesome Dove or any other defendant.

Because it was unchallenged, we take as true the Plaintiffs' allegation that Lonesome Dove's principal place of business is located in McCulloch County. *See id.* Based on this undisputed venue fact, which is also supported by affidavits, we conclude that the Plaintiffs met their burden to establish that their suit is maintainable against Lonesome Dove in McCulloch County under the general venue provision. Further, by application of Section 15.005, the Plaintiffs also established that venue is proper in McCulloch County as to the Zapatas. The trial court

16

did not err in denying the motions to transfer venue.[7]  The Zapatas' issues on cross-appeal are overruled.

## CONCLUSION

Having concluded that the trial court did not err in denying the Plaintiffs' TCPA motion to dismiss or the Zapatas' motions to transfer venue, we affirm the orders of the trial court.

_____

Chari L. Kelly, Justice

Before Chief Justice Byrne, Justices Baker and Kelly

Affirmed

Filed:   August 13, 2021

---

[7]  Many of the Zapatas' arguments in their cross-appeal overlap with arguments made by Rebecca in her motion for sanctions, specifically, that the Plaintiffs asserted groundless claims against Lonesome Dove for the purpose of establishing venue.  Although we have concluded that Rebecca established a prima facie case for sanctions, as previously discussed, we express no opinion on the ultimate issue of whether sanctions are warranted in this case or whether transfer of the case to Webb County would be an appropriate sanction.