**Affirm and Opinion Filed June 3, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

_____

**No. 05-21-00367-CV**
_____

**ALEXANDER TEMPLE, Appellant**
**V.**
**CORTEZ LAW FIRM, PLLC, Appellee**

**On Appeal from the County Court at Law No. 5**
**Dallas County, Texas**
**Trial Court Cause No. CC-20-05643-E**

## OPINION

Before Justices Molberg, Nowell, and Goldstein
Opinion by Justice Molberg

Appellant Alexander Temple appeals from an order denying his TCPA[1]

motion to dismiss the legal action brought against him by appellee Cortez Law Firm,

PLLC (the Firm). Because we conclude the Firm's legal action is exempted from

TCPA coverage under section 27.010(a)(3), we affirm. *See* TEX. CIV. PRAC. & REM.

CODE § 27.010(a)(3).

_____

[1] "TCPA" refers to the Texas Citizens Participation Act, which is embodied in Chapter 27 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE §§ 27.001–.011. The legislature amended the TCPA effective September 1, 2019, for actions filed on or after that date, as the Firm's action was. *See* Act of May 17, 2019, 86th Leg., R.S., ch. 378, § 11, 2019 Tex. Sess. Law Serv. 684, 687. All citations to the TCPA are to the current version unless otherwise indicated.

# I. BACKGROUND

## A. Allegations Underlying the Firm's Claims

For purposes of this appeal, we accept the Firm's pleading allegations and evidence as true and draw the following facts from the pleadings and from evidence adduced in connection with Temple's TCPA motion and the Firm's response thereto. *See Bass v. United Dev. Funding, L.P.*, No. 05-18-00752-CV, 2019 WL 3940976, at *3 (Tex. App.—Dallas Aug. 21, 2019, pet. denied) (mem. op.).

The Firm sued Temple in December 2020 for defamation and tortious interference with contract. Both claims involved Temple's alleged communications with Alma Davila-Loredo, one of the Firm's clients. The Firm represented Davila-Loredo in a personal injury suit for damages in connection with injuries she sustained in a motor vehicle collision.

Temple, through his company, Total Health Chiropractic, LLC, provided chiropractic treatment to Davila-Loredo in connection with those injuries.

During the Firm's representation of her, Davila-Loredo agreed to settle her third-party liability lawsuit for policy limits. In addition to assisting her with that claim, the Firm also began efforts to pursue a first-party case against her underinsured motorist (UIM) insurer. After the UIM insurer refused to settle the claim for policy limits, the Firm sued that insurer on behalf of Davila-Loredo.

As part of its representation of her, the Firm also began requesting balance reductions from Davila-Loredo's healthcare providers, including Temple, in order

to ascertain possible settlement values for the UIM case. Temple refused to reduce his fees and insisted on getting paid in full. Temple and the Firm exchanged several email communications between November 2019 and January 2020. According to the Firm, in those email communications, Temple "made unreasonable demands of the [Firm], insisted on reviewing the 'disbursal statement,' demanded a 'full accounting' and threatened filing a grievance."

In March 2020, the Firm received two grievances within a two-day period, one filed by Davila-Loredo against Meghana Wadhwani, an attorney in the Firm,[2] and one filed by Temple against Carlos Cortez, another of the Firm's attorneys. Davila-Loredo's grievance used the same or similar language as that used by Temple in his prior emails with and in his subsequent grievance regarding Cortez.

In this lawsuit, the Firm alleges Temple convinced Davila-Loredo to file her grievance based on false and untruthful statements Temple made to her regarding the Firm, including statements that the Firm had received certain settlement funds and that the Firm was keeping or improperly withholding those funds from her. The Firm claims Temple's false and untruthful statements damaged the Firm by requiring the Firm to hire attorneys for the grievance proceedings and by causing an inherent conflict between Davila-Loredo and the Firm, which then caused the Firm to withdraw from representation and lose attorneys' fees in the first-party UIM lawsuit.

---

[2] The Firm alleged this grievance was drafted by Temple for Davila-Loredo to sign.

## B. Procedural Background

Temple was served with the Firm's lawsuit on February 24, 2021. Temple filed a pro se answer and, after hiring counsel, timely filed a TCPA motion to dismiss. Temple argued the trial court should dismiss the Firm's claims because they were "based on, related to, and in response to" alleged statements Temple made while exercising his constitutionally protected rights of association, free speech, and petition. In terms of the TCPA's typical three-step analysis, Temple argued that he satisfied his step-one burden, that the Firm failed to satisfy its step-two burden as to certain elements of its claims, and that various defenses applied in any event.

The Firm filed a response, arguing, in part, that the TCPA did not apply because of the exemption in section 27.010(a)(3). Temple replied, disputing this. The Firm also filed a supplemental response and surreply. Temple objected to both.

On May 7, 2021, the trial court heard Temple's TCPA motion and denied it in a written order signed the same day. The order overruled Temple's objection to the Firm's surreply and stated, in part, "Upon review of the motion, the response, the reply, the surreply, and upon consideration of the arguments of counsel, the Court DENIES the motion." The order did not explicitly mention the Firm's supplemental response or rule on Temple's objection to it. Temple timely appealed.

## II. ISSUES ON APPEAL

Temple presents six issues; we quote them verbatim except as noted below:

(1) Did [Temple] demonstrate that the Firm's legal action is based on, related to, or responds to his exercise of the right of petition, the right of association, or the right to free speech?

(2) Did the Firm demonstrate the bodily injury exemption within Section 27.010(3) [sic] of the TCPA applies?

(3) Did the Firm establish the essential elements of its causes of action by clear and specific evidence as required to avoid dismissal of the legal action pursuant to the TCPA?

(4) Did [Temple] establish an affirmative defense or other grounds on which he was entitled to judgment as a matter of law such that the TCPA mandated the Firm's legal action to be dismissed?

(5) Was [Temple] entitled to an award of his court costs and reasonable attorney's fees incurred in defending against the Firm's legal action?

(6) Did the trial court err by overruling [Temple's] objections to "Plaintiff's Supplemental Response to [Temple's] Motion to Dismiss Pursuant to the Texas Citizens Participation Act" and "Plaintiff's Surreply Regarding [Temple's] Motion to Dismiss Pursuant to the Texas Citizens Participation Act?"

### III. LEGAL STANDARDS

Whether the TCPA applies to a legal action[3] is an issue of statutory interpretation we review de novo. *See Creative Oil & Gas, LLC v. Lona Hills Ranch, LLC*, 591 S.W.3d 127, 132 (Tex. 2019); *Youngkin v. Hines*, 546 S.W.3d 675, 680 (Tex. 2018); *Dyer v. Medoc Health Servs., LLC*, 573 S.W.3d 418, 424 (Tex. App.— Dallas 2019, pet. denied).

---

[3] The TCPA defines "[l]egal action" as "a lawsuit, cause of action, petition, complaint, cross-claim, or counterclaim or any other judicial pleading or filing that requests legal, declaratory, or equitable relief" but does not include certain matters that are not at issue here, such as "(A) a procedural action taken or motion made in an action that does not amend or add a claim for legal, equitable, or declaratory relief; (B) alternative dispute resolution proceedings; or (C) post-judgment enforcement actions." *See* TEX. CIV. PRAC. & REM. CODE § 27.001(6).

As an anti-SLAPP statute,[4] the TCPA "protects citizens who petition or speak on matters of public concern from retaliatory lawsuits that seek to intimidate or silence them." *In re Lipsky*, 460 S.W.3d 579, 584 (Tex. 2015) (orig. proceeding).

In conducting our review, we must construe the TCPA "liberally to effectuate its purpose and intent fully." TEX. CIV. PRAC. & REM. CODE § 27.011(b); *State ex rel. Best v. Harper*, 562 S.W.3d 1, 11 (Tex. 2018). "The TCPA was designed to protect both a [non-movant's] rights of speech, petition, and association and a claimant's right to pursue valid legal claims for injuries the [non-movant] caused." *Montelongo v. Abrea*, 622 S.W.3d 290, 299 (Tex. 2021); *see* TEX. CIV. PRAC. & REM. CODE § 27.002.

Consistent with general rules of statutory construction,[5] we ascertain and give effect to the legislature's intent as expressed in the statutory language, considering the specific language at issue and the TCPA as a whole, and we construe the statute's

---

[4] The TCPA is an anti-SLAPP statute. "SLAPP" is an acronym for "Strategic Lawsuits Against Public Participation." *Krasnicki v. Tactical Entm't, LLC*, 583 S.W.3d 279, 282 (Tex. App.—Dallas 2019, pet. denied).

[5] *Crosstex Energy Services, L.P. v. Pro Plus, Inc.*, 430 S.W.3d 384, 389–90 (Tex. 2014), explains:

> If the statute is clear and unambiguous, we must read the language according to its common meaning "without resort to rules of construction or extrinsic aids." *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006). We rely on this plain meaning as an expression of legislative intent unless a different meaning is supplied or is apparent from the context, or the plain meaning leads to absurd results. *Tex. Lottery Comm'n v. First State Bank of DeQueen*, 325 S.W.3d 628, 635 (Tex. 2010). Words and phrases "shall be read in context and construed according to the rules of grammar and common usage." TEX. GOV'T CODE § 311.011. We presume the Legislature chose statutory language deliberately and purposefully. *See Tex. Lottery Comm'n*, 325 S.W.3d at 635. We must not interpret the statute "in a manner that renders any part of the statute meaningless or superfluous." *Columbia Med. Ctr. of Las Colinas, Inc. v. Hogue*, 271 S.W.3d 238, 256 (Tex. 2008) (citing *City of Marshall v. City of Uncertain*, 206 S.W.3d 97, 105 (Tex. 2006)).

words according to their plain and common meaning, unless a contrary intention is apparent from the context or unless such a construction leads to absurd results. *Dyer*, 573 S.W.3d at 424–25.

We consider, in the light most favorable to the nonmovant, the pleadings, evidence a court could consider under civil procedure rule 166a,[6] and supporting and opposing affidavits stating the facts on which the liability or defense is based. *See* TEX. CIV. PRAC. & REM. CODE § 27.006(a); *Riggs & Ray, P.C. v. State Fair of Tex.*, No. 05-17-00973-CV, 2019 WL 4200009, at *4 (Tex. App.—Dallas Sept. 5, 2019, pet. denied) (mem. op.); *Reed v. Centurion Terminals, LLC*, No. 05-18-01171-CV, 2019 WL 2865281, at *3 (Tex. App.—Dallas July 3, 2019, pet. denied) (mem. op.); *Dyer*, 573 S.W.3d at 424.

A claimant's pleadings are usually "the best and all-sufficient evidence of the nature of the action." *Hersh v. Tatum*, 526 S.W.3d 462, 467 (Tex. 2017).

Under the TCPA, and subject to certain exemptions,[7] "[i]f a legal action is based on or is in response to a party's exercise of the right of free speech, right to petition, or right of association or arises from any act of that party in furtherance of the party's communication or conduct described by Section 27.010(b), that party may file a motion to dismiss the legal action[,]" TEX. CIV. PRAC. & REM. CODE § 27.003(a), and a court "shall dismiss" it, *id.* § 27.005(b). However, a court "may

---

[6] *See* TEX. R. CIV. P. 166a.

[7] *See* TEX. CIV. PRAC. & REM. CODE § 27.010(a) (listing actions to which the TCPA does not apply).

–7–

not" dismiss the legal action "if the party bringing [it] establishes by clear and specific evidence a prima facie case for each essential element of the claim in question." *Id.* § 27.005(c). Notwithstanding section 27.005(c), however, "the court shall dismiss a legal action against the moving party if the moving party establishes an affirmative defense or other grounds on which the moving party is entitled to judgment as a matter of law." *Id.* § 27.005(d).

The TCPA provides a three-step process for the dismissal of a legal action to which it applies. *Montelongo*, 622 S.W.3d at 296; *see Creative Oil*, 591 S.W.3d at 132; *Youngkin*, 546 S.W.3d at 679–80. At step one, the party moving for dismissal has the burden to demonstrate that the legal action is based on or is in response to the party's exercise of the right of association, right of free speech, or right to petition, or arises from any act of that party in furtherance of the party's communication or conduct described by section 27.010(b). *See* TEX. CIV. PRAC. & REM. CODE § 27.005(b); *Montelongo*, 622 S.W.2d at 296 (discussing the three steps).

If the movant does so, the analysis proceeds to step two, where the burden shifts to the nonmovant to establish by clear and specific evidence a prima facie case for each essential element of the claim. *See* TEX. CIV. PRAC. & REM. CODE § 27.005(c); *Montelongo*, 622 S.W.2d at 296.

If a nonmovant satisfies its burden at step two, the analysis proceeds to step three, where the movant may still win dismissal by establishing an affirmative defense or other grounds on which the moving party is entitled to judgment as a

matter of law. *See* TEX. CIV. PRAC. & REM. CODE § 27.005(d); *Montelongo*, 622 S.W.2d at 296.

Intertwined with and overlaying this multi-step dismissal process is the TCPA provision exempting certain actions from the TCPA's application. *See* TEX. CIV. PRAC. & REM. CODE § 27.010(a) (listing twelve exemptions under current statute); *see also Clean Energy v. Trillium Transp. Fuels, LLC*, No. 05-18-01228-CV, 2019 WL 3212145, at \*3 (Tex. App.—Dallas July 9, 2019, no pet.) (mem. op.) (noting existence of four exemptions under prior version of the statute).

A party can avoid the TCPA's burden-shifting requirements by showing that one of the exemptions applies. *Clean Energy*, 2019 WL 3212145, at \*3 (citation omitted). The nonmovant bears the burden of proving a statutory exemption. *Id.* (citation omitted); *Tervita, LLC v. Sutterfield*, 482 S.W.3d 280, 282 (Tex. App.—Dallas 2015, pet. denied) (citing *Better Bus. Bureau of Metro. Dall., Inc. v. BH DFW, Inc.*, 402 S.W.3d 299, 309 (Tex. App.—Dallas 2013, pet. denied)).

Included among the TCPA's exemptions is section 27.010(a)(3), which states that Chapter 27 "does not apply to . . . a legal action seeking recovery for bodily injury, wrongful death, or survival or to statements made regarding that legal action." *See* TEX. CIV. PRAC. & REM. CODE § 27.010(a)(3).

# IV. ANALYSIS

In Temple's first two issues, he argues that (1) he demonstrated that the Firm's legal action is based on, related to,[8] or responds to his exercise of the right of petition, the right of association, or the right to free speech under section 27.005(b), and (2) the Firm failed to demonstrate its claims are exempt under section 27.010(a)(3). *See* TEX. CIV. PRAC. & REM. CODE §§ 27.005(b), 27.010(a)(3).

## A. Order of Analysis

These two issues raise a related preliminary question, one that appears to be a question of first impression: when a TCPA movant's step-one burden and a nonmovant's TCPA exemption are both disputed, is a court required to consider those two issues in that order?

We have not located any binding authority answering or analyzing this question.

The TCPA does not answer it. While the order of the typical three-step TCPA analysis is suggested by section 27.005's subsections (b), (c), and (d), *see* TEX. CIV. PRAC. & REM. CODE § 27.005(b)–(d), nothing in the TCPA sheds any light on the order in which a court is to consider a movant's step-one burden under section 27.005(b) and a nonmovant's exemption under section 27.010(a).

---

[8] The "related to" language Temple uses in his first issue is inconsistent with current law. *See* TEX. CIV. PRAC. & REM. CODE §§ 27.003(a), 27.005(b) (using the phrase "is based on or is in response to"); *Soo v. Pletta*, No. 05-20-00876-CV, 2022 WL 131045, at *7 (Tex. App.—Dallas Jan. 14, 2022, no pet.) (mem. op.) (noting that current standard is more narrow).

The Texas Supreme Court has not answered or analyzed the question but has stated that an "exemption, of course, is wholly unnecessary unless the TCPA applies." *Castleman v. Internet Money Ltd.*, 546 S.W.3d 684, 688 (Tex. 2018) (per curiam). While true, this does not answer the question or preclude a court from considering an exemption under section 27.010(a) before considering a movant's step-one burden under section 27.005(b).

We have not answered or analyzed the question either.

In one of our early TCPA cases, we stated, "[A]fter [movant] established that [its communication] fell within the exercise of free speech as defined by the TCPA, [the nonmovant] had the burden to establish the communication was exempt from the statute." *See Better Bus. Bureau of Metro. Dall., Inc.*, 402 S.W.3d at 309 (citing *Newspaper Holdings, Inc. v. Crazy Hotel Assisted Living, Inc.*, No. 01-12-00581-CV, 2013 WL 1867104, at *12 (Tex. App.—Houston [1st Dist.] May 7, 2013, no pet.) (mem. op.), *superseded on rehearing*, 416 S.W.3d 71 (Tex. App.—Houston [1st Dist.] 2013, pet. denied)). While this statement confirms when a TCPA nonmovant's burden regarding a section 27.010(a) exemption first *arises*, it does not dictate or require any particular order of decision regarding whether an exemption *applies*.

In some cases, we have considered step one before the exemption.[9]

---

[9] *See Staff Care, Inc. v. Eskridge Enters., LLC*, No. 05-18-00732-CV, 2019 WL 2121116, at *7–8 (Tex. App.—Dallas May 15, 2019, no pet.) (mem. op.) (deciding nonmovant established exemption applied after

–11–

In others, we have considered only the exemption.[10]

Our sister courts have taken both approaches as well, often without analyzing the order of decision. Like us, some have considered step one before the exemption,[11] while others have considered only the exemption.[12]

Still others have suggested, without any analysis, that considering step one first is the proper approach. *See Baylor Scott & White v. Project Rose MSO, LLC*, 633 S.W.3d 263, 275 n.6 (Tex. App.—Tyler 2021, pet. filed) (suggesting TCPA may be better described as a four-step process that asks, in the first two steps, whether (1) the movant demonstrates that the TCPA applies to the legal action and (2) the nonmovant shows that any statutory exemptions remove some or all of its claims from the TCPA's scope). The court also stated that when a section 27.010 exemption is invoked, the trial court must consider the exemption's applicability "after and in

---

deciding movant met its step-one burden); *Tervita, LLC*, 482 S.W.3d at 285 (considering all three steps before deciding an exemption did not apply); *Kirkstall Rd. Enters., Inc. v. Jones*, 523 S.W.3d 251, 253 (Tex. App.—Dallas 2017, no pet.) (deciding an exemption applied after assuming movant met its step-one burden); *Better Bus. Bureau of Metro. Dall., Inc.*, 402 S.W.3d at 308–09 (deciding movant met its step-one burden before deciding nonmovant failed to establish an exemption).

[10] *See Clean Energy*, 2019 WL 3212145, at *6 (deciding exemption applied without discussing whether movant met its step-one burden).

[11] *See CDM Constr., Inc. v. City of Weslaco*, No. 13-19-00447-CV, 2021 WL 1133615, at *4–5 (Tex. App.—Corpus Christi–Edinburg Mar. 25, 2021, pet. denied) (mem. op.) (considering question of commercial speech exemption after concluding movant met step-one burden under section 27.005(b)); *Winstead PC v. USA Lending Grp., Inc.*, No. 12-20-00172-CV, 2021 WL 1047208, at *2 (Tex. App.—Tyler Mar. 18, 2021, pet. filed) (mem. op.) (same); *In re Fraudulent Hosp. Lien Litigation*, No. 13-19-00461-CV, 2020 WL 5050641, at *6 & n.4 (Tex. App.—Corpus Christi–Edinburg Aug. 20, 2020, pet. denied) (mem. op.) (considering exemptions after deciding movant met burden under section 27.005(b)).

[12] *See Diogu Law Firm PLLC v. Experience Infusion Ctrs., LLC*, No. 01-19-00494-CV, 2020 WL 1681182, at *5 (Tex. App.—Houston [1st Dist.] Apr. 7, 2020, no pet.) (mem. op.) (concluding commercial speech exception applied without deciding whether step-one burden was met); *Sanders v. Bansal*, No. 01-18-00508-CV, 2019 WL 7341660, at *4 (Tex. App.—Houston [1st Dist.] Dec. 31, 2019, pet. denied) (mem. op.) (same).

the context of the movant having met its initial burden under the first step of the dismissal process." *Id*. (citations omitted).

The court cited, in part, *Morrison v. Profanchik*, 578 S.W.3d 676, 680 (Tex. App.—Austin 2019, no pet.), which stated:

> [The commercial speech exemption] and the other section 27.010 exemptions are "wholly unnecessary unless the TCPA applies" and, as discussed above, "the TCPA only applies when the claim is based on the defendant's exercise of the right of free speech, association, or to petition." *Castleman*, 546 S.W.3d at 688 (citing TEX. CIV. PRAC. & REM. CODE §§ 27.001(1)–(4), .003(a)). *Thus, when invoked, the trial court must consider an exemption's applicability after and in the context of the movant having met its initial burden under the first step of the dismissal process. See id.* (construing "commercial speech" exemption). If an action falls under a TCPA exemption, the TCPA does not apply and may not be used to dismiss the action. *See* TEX. CIV. PRAC. & REM. CODE § 27.010; *Best v. Harper*, 562 S.W.3d 1, 11 (Tex. 2018) (noting that if TCPA exemption applies, movant cannot invoke TCPA's protections).

(Emphasis added). Thus, *Morrison* cites *Castleman* as support, and our sister courts that analyze the step-one burden before the exemption often rely on *Morrison*, *Castleman*, or both.[13] Although *Castleman*'s observation that an "exemption . . . is wholly unnecessary unless the TCPA applies" is true, we do not read *Castleman* to mean that a court is precluded from considering an exemption under section 27.010(a) before considering a movant's step-one burden under section 27.005(b).

---

[13] *See Baylor Scott & White*, 633 S.W.3d at 275 (citing *Morrison* and *Castleman*); *Martin v. Walker*, 606 S.W.3d 565, 568 (Tex. App.—Waco 2020, pet. denied) (citing *Castleman*); *Atlas Survival Shelters, LLC v. Scott*, No. 12-20-00054-CV, 2020 WL 6788714, at *6 (Tex. App.—Tyler Nov. 18, 2020, no pet.) (mem. op.) (citing *Castleman* and *Morrison*); *Callison v. C&C Personnel, LLC*, No. 09-19-00014-CV, 2019 WL 3022548, at *5 (Tex. App.—Beaumont July 11, 2019, pet. denied) (mem. op.) (citing *Morrison*).

When a TCPA movant's step-one burden and a nonmovant's TCPA exemption are both disputed, we conclude that a court may consider a nonmovant's exemption first, if it chooses to do so. Neither the TCPA nor *Castleman* preclude this, and to the extent that *Morrison* or our sister courts' other opinions can be interpreted as doing so, we disagree and decline to follow their opinions.[14] Our appellate rules support this simply as a matter of judicial economy. *See* TEX. R. APP. P. 47.1 (court "must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal").

Regardless of when a court considers a nonmovant's exemption, the TCPA "does not apply to" the matters described in its twelve exemptions. *See* TEX. CIV. PRAC. & REM. CODE § 27.010(a)(1)–(12) ("This chapter does not apply to . . . .").[15]

### B. Exemption Under Section 27.010(a)(3)

We choose to first consider the exemption here, thus pretermitting the often-complex question posed by step one of the TCPA. We begin, then, with Temple's second issue, in which he argues the Firm failed to demonstrate that the section 27.010(a)(3) exemption applies.

---

[14] *See Morrison*, 578 S.W.3d at 680; *see also Martin*, 606 S.W.3d at 568; *Atlas Survival Shelters*, 2020 WL 6788714, at *6; *Callison*, 2019 WL 3022548, at *5.

[15] *But see* TEX. CIV. PRAC. & REM. CODE § 27.010(b), (c). Section 27.010(b) lists three types of matters to which the TCPA does apply, "[n]otwithstanding the provisions of sections 27.010(a)(2), (7), or (12)," *see id.* § 27.010(b), and section 27.010(c) lists certain matters to which the TCPA does apply. Sections 27.010(b) and (c) are not at issue here.

Section 27.010(a)(3) provides that Chapter 27 "does not apply to . . . *a* legal action seeking recovery for bodily injury, wrongful death, or survival or to statements made regarding *that* legal action." *See* TEX. CIV. PRAC. & REM. CODE § 27.010(a)(3) (emphasis added).

Temple acknowledges that Davila-Loredo's legal action sought recovery for bodily injury but argues that the section 27.010(a)(3) exemption does not apply because (1) the Firm's legal action does not seek recovery for bodily injury, (2) Temple's alleged statements were about the Firm's potential misconduct, not about Davila-Loredo's legal action, and (3) applying the exemption in this case would result in a chilling effect on a personal injury client's ability to grieve the real or perceived misconduct of their attorney, a result he claims is contrary to the underlying purposes of the TCPA.

The Firm disputes Temple's arguments and argues that the plain language of section 27.010(a)(3) supports its position that the exemption applies in this case.

We agree with the Firm. First, we reject Temple's suggestion that section 27.010(a)(3) requires the Firm to establish that its own legal action seeks recovery for bodily injury, wrongful death, or survival because that interpretation ignores section 27.010(a)(3)'s plain language, which refers only to "*a* legal action" seeking recovery for such things and to statements made regarding "that legal action." *See id*. Because the latter phrase refers to "*a* legal action" earlier in the sentence, and because "'[a]' . . . can also mean 'any,'" *see Ex parte R.P.G.P.*, 623 S.W.3d 313,

–15–

324 n.67 (Tex. 2021) (citing MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY (10th ed. 1993) (defining "a," "an," and "any")), section 27.010(a)(3)'s plain terms can be understood as stating that the TCPA does not apply to *any* legal action seeking recovery for bodily injury, wrongful death or survival or to statements made regarding that legal action. *See* TEX. CIV. PRAC. & REM. CODE § 27.010(a)(3). Thus, we conclude the TCPA does not apply to Davila-Loredo's legal action or to statements made regarding that legal action.

Second, we reject Temple's argument that Temple's alleged statements were not about that legal action but were instead about the Firm's potential misconduct. We disagree that the two concepts can be so easily divorced, when (1) the Firm's alleged misconduct occurred during and only because of Davila-Loredo's legal action, (2) the Firm alleges that "Temple had made false and untruthful statements to [Davila-Loredo] . . . alleging that the [Firm] had received third party monies and her UIM/PIP monies and that the [Firm] somehow was keeping [or had] improperly withheld those monies from [her,]" and (3) in the trial court, Temple described his statements as related to "Davila-Loredo's [l]awsuit and the contemplated grievances" and "the disbursement of the October 2019 [s]ettlement" in his own TCPA motion. Temple's own descriptions reflect the reality here: Davila-Loredo's legal action sought to recover for bodily injuries, and Temple's alleged statements regarded that legal action. *See id.*

Third, we reject Temple's suggestion that we should refuse to apply the section 27.010(a)(3) exemption because of the chilling effect it might have on a personal injury client's ability to grieve the real or perceived misconduct of their attorney, a result Temple claims is contrary to the underlying purposes of the TCPA. Temple misunderstands our role and the legislature's, and to the extent he disagrees with section 27.010(a)(3)'s effect, he should raise that with the legislature, not us. Moreover, Temple could make the same argument regarding the exemption under section 27.010(a)(10) of lawyer disciplinary proceedings, but both in that instance and in section 27.010(a)(3), the legislature plainly approved the exemption.[16] Finally, we are to construe Chapter 27 liberally to effectuate its purpose and intent fully. *See* TEX. CIV. PRAC. & REM. CODE § 27.011(b). The TCPA's purpose is "to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law *and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury*." *See* TEX. CIV. PRAC. & REM. CODE § 27.002 (emphasis added). Regardless of the chilling effect Temple fears our conclusion invites, the mere existence of that possibility, if any, does not allow us to ignore section 27.010(a)(3)'s plain terms. To do so would abdicate our responsibility, thwart the TCPA's stated purpose, not support it, and directly violate

---

[16] *See* TEX. CIV. PRAC. & REM. CODE § 27.010(a)(10) ("This chapter does not apply to . . . a disciplinary action or disciplinary proceeding brought under Chapter 81, Government Code, or the Texas Rules of Disciplinary Procedure").

the TCPA's rule of construction. *See* TEX. CIV. PRAC. & REM. CODE § 27.002 (TCPA's purpose), § 27.011(b) (rule of construction).

We conclude the trial court did not err in denying Temple's TCPA motion because the Firm established that its legal action is exempt from the TCPA under section 27.010(a)(3). We overrule Temple's second issue.[17]

### C. Remaining Issues

In reaching our conclusion in Section IV.B., we have not considered the Firm's supplemental response or surreply, items Temple claims in his sixth issue the trial court should not have considered. Even if we assumed the trial court erred in considering them, such error is not reversible here because Temple has not shown that any error in considering them led to an improper judgment, when we have concluded the Firm established its exemption even without such information. *See* TEX. CIV. PRAC. & REM. CODE § 27.010(a)(3); TEX. R. APP. P. 44.1 (standard for reversible error). We overrule Temple's sixth issue.

Finally, in light of our conclusion in Section IV.B., we also overrule Temple's first issue. The applicability of an exemption means that the TCPA, including its fee-shifting provision, does not apply, and as an unsuccessful movant, Temple is not entitled to an award of attorneys' fees or costs. *See* TEX. CIV. PRAC. & REM. CODE

---

[17] Temple remains free, of course, to challenge the merits of the Firm's claims through any available means at his disposal, including, but not limited to, summary judgment and trial. *See* TEX. CIV. PRAC. & REM. CODE § 27.011(a) (Chapter 27 "does not abrogate or lessen any other defense, remedy, immunity, or privilege available under other constitutional, statutory, case, or common law or rule provisions.")

–18–

§ 27.009(a)(1) ("if the court orders dismissal of a legal action under [Chapter 27] the court "shall award to the moving party court costs and reasonable attorney's fees incurred in defending against the legal action"); *Sullivan v. Abraham*, 488 S.W.3d 294, 299 (Tex. 2016) (concluding TCPA requires an award of reasonable attorney's fees to a successful movant).[18]

Under the circumstances, we need not reach Temple's first, third, and fifth issues. *See* TEX. R. APP. P. 47.1 (court "must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal"); *Diogu Law Firm, PLLC*, 2020 WL 1681182, at *5 (holding that if legal action is exempted from TCPA, then TCPA does not apply, and movant cannot invoke its protections to obtain dismissal); *Sanders*, 2019 WL 7341660, at *4 (stating exemption issue was dispositive; limiting analysis to consideration of exemption).

## V. CONCLUSION

We affirm the trial court's order denying Temple's TCPA motion.

/Ken Molberg/
KEN MOLBERG
JUSTICE

210367f.p05

---

[18] TCPA fee awards from a dismissal of compulsory counterclaims are different, however. *See* TEX. CIV. PRAC. & REM. CODE § 27.009(c) ("If the court orders dismissal of a compulsory counterclaim under this chapter, the court *may award* to the moving party reasonable attorney's fees incurred in defending against the counterclaim *if the court finds that the counterclaim is frivolous or solely intended for delay*.") (emphasis added).

–19–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

ALEXANDER TEMPLE, Appellant

No. 05-21-00367-CV      V.

CORTEZ LAW FIRM, PLLC,
Appellee

On Appeal from the County Court at
Law No. 5, Dallas County, Texas
Trial Court Cause No. CC-20-05643-E
Opinion delivered by Justice Molberg.
Justices Nowell and Goldstein
participating.

In accordance with this Court's opinion of this date, the trial court's order denying Temple's TCPA motion is **AFFIRMED**.

It is **ORDERED** that appellee CORTEZ LAW FIRM, PLLC recover its costs of this appeal from appellant ALEXANDER TEMPLE.

Judgment entered this 3rd day of June, 2022.